MAURICE O'BRIEN & another *vs.* THOMAS J. MYERS
& another.

Norfolk.    February 9, 1968. — April 3, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Negligence,* Invited person, Guest, Gratuitous undertaking.

Evidence in an action that the plaintiff and the defendant were sisters
and had agreed to go to the house of a relative to dispose of the effects
of a deceased aunt, and that the plaintiff drove her automobile to the
defendant's home at the latter's request in order to transport her to
the relative's house did not warrant a finding that the plaintiff was
more than a mere social guest while in the defendant's home before
the commencement of the trip, and the plaintiff was not entitled to
recover from the defendant for injury sustained through alleged or-
dinary negligence with respect to a scatter rug there on which the
plaintiff slipped and fell.      .

TORT.    Writ in the Superior Court dated November 25,
1964.

The action was tried before *Taveira,* J.

*Edward T. Martin (Julian Soshnick* with him) for the
plaintiffs.

*Frank P. Hurley* for the defendants.

SPALDING, J.    In this action of tort Laura O'Brien (plain-
tiff) seeks to recover for injuries sustained from a fall in the
defendants' home on December 6, 1963. Her husband seeks

consequential damages. Counts for gross negligence having been waived, the case was submitted to the jury on the counts for negligence. Verdicts were returned for the plaintiff and her husband, which were recorded under leave reserved. Thereafter the judge, on motion, entered verdicts for the defendants subject to the exceptions of the plaintiff and her husband. In determining the correctness of this action the same test is applied as in the case of a motion for a directed verdict. *Berwick & Smith Co.* v. *Salem Press, Inc.* 331 Mass. 196.

The pertinent evidence was as follows: The plaintiff and the defendant Leone Myers are sisters. Prior to the date of the accident they had agreed to go to the home of a relative in Norwell to dispose of the effects of a deceased aunt. Leone's car not being available, the plaintiff, at Leone's request, drove to Cohasset in order to transport her to Norwell. While the plaintiff was in Leone's house the telephone rang and, Leone being in another part of the house, the plaintiff undertook to answer it. In hurrying to the telephone she slipped on a scatter rug and fell.

The issue is whether the plaintiff was conferring such a benefit on her sister as to entitle the plaintiff to the care owed to a business visitor, rather than that owed to a guest, i.e., to refrain from acts of gross negligence. We are of opinion that the plaintiff's status was that of a social guest. Such benefit as the plaintiff was conferring on her sister was that of a "member of a family . . . rendering friendly help in household routine" and was not of "the character . . . [to] make it clearly the dominant aspect of the relationship." *Pandiscio* v. *Bowen*, 342 Mass. 435, 437–438. That case is controlling. See *Taylor* v. *Goldstein*, 329 Mass. 161, 163–165, and cases there collected. Compare *Jones* v. *Brote*, *ante*, 129.

In view of this conclusion we do not reach the question whether the defendants were negligent.

*Exceptions overruled.*