## LEVEQUE v LEVEQUE

1. NEGLIGENCE—INVITEE—ECONOMIC BENEFIT—INVITATION.

> The status of an invitee is tested not only by the theory of economic benefit but also by the concept of invitation.

2. NEGLIGENCE—INVITEE—TEST—PURPOSE OF VISIT.

> A person who is expressly or impliedly invited to visit an owner's premises to perform services beneficial to such owner is an invitee, not a licensee.

3. NEGLIGENCE—LICENSEE—INVITATION.

> A social guest, though specifically invited, stands in the legal relationship to his host of a licensee.

4. NEGLIGENCE—FAMILY RELATIVE—PERFORMANCE OF SERVICES—INVITEE.

> A relative who renders friendly help to another relative does not cease to be a licensee or social visitor unless the circumstances make it clear that the assistance is the dominant aspect of the relationship rather than a routine incident of social or group activities.

5. NEGLIGENCE—LICENSEE—QUESTION OF FACT.

> The trial court may not hold that a visitor is a licensee as a matter of law unless the only inference that can be drawn from the evidence is that the dominant purpose of the visit was social and that any services rendered by the visitor were only incidental to such purpose.

6. NEGLIGENCE—FAMILY RELATIVE—PERFORMANCE OF SERVICES—INVITEE.

> Plaintiff was an invitee as a matter of law, where she went to a relative's home at the relative's request to take the relative's babysitter home and keep the relative's children at plaintiff's house until such time as the relative returned home from an out-of-town trip, since she could not be said to have come on the premises for social purposes.

REFERENCE FOR POINTS IN HEADNOTES
[1–6] 62 Am Jur 2d, Premises Liability § 97 *et seq.*

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 February 29, 1972, at Lansing. (Docket No. 12385.) Decided May 26, 1972.

Complaint by Alberta N. Leveque against Joseph C. Leveque and Sandra Leveque for negligence. Summary judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Leitson, Dean, Dean, Segar & Hart, P. C.,* for plaintiff.

*Garan, Lucow, Miller & Lehman,* for defendants.

Before: McGregor, P. J., and J. H. Gillis and O'Hara,* JJ.

J. H. Gillis, J. Plaintiff appeals from an entry of summary judgment of no cause of action.

Stipulated facts are as follows: Plaintiff's husband and defendant Joseph Leveque are brothers. Defendants reside in Flint, Michigan, and own their home as tenants by the entireties. On April 20, 1970, defendants were away from home visiting Joseph Leveque's mother and grandmother in Carlton, Michigan. Planning on returning early that same evening, they hired a babysitter to stay with their children in the interim.

Pursuant to prior arrangements, plaintiff was to pick up the mother and grandmother in Carlton the following day and drive them to Traverse City, Michigan. Plaintiff and her husband knew defendants were in Carlton and called there suggesting that time could be saved if defendants would bring the mother and grandmother to plaintiff's home when defendants returned to Flint that evening.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Thus plaintiff would save time on the trip to Traverse City the following day. This was agreed upon.

During the conversation with the defendants and because the defendants were going to arrive back in Flint later than originally planned, Joseph Leveque requested that plaintiff go to his home in Flint, take the babysitter home and keep his children at plaintiff's house until such time as defendants returned to Flint. Defendants would then pick up the children when they dropped off the mother and the grandmother. Plaintiff agreed to do this.

Plaintiff, thereupon, in accordance with said agreement, went to defendants' house. While in the process of carrying defendants' infant child down the front stairs of defendants' porch, plaintiff suffered a fall due to a defective step.

It was stipulated that the condition of the porch steps was such that if plaintiff was a licensee, there would be no liability while if she was an invitee, there would be liability. Based on the foregoing facts, the trial court held that plaintiff was a licensee as a matter of law, and, hence, proceeded to grant defendants' motion for summary judgment. The sole question presented on appeal is whether the trial court erred in holding plaintiff's legal status to be that of a licensee as a matter of law, and, thereby, granting defendants' motion for summary judgment.

The Courts of this state have held that the status of an invitee is tested not only by the theory of "economic benefit", but also upon the concept of "invitation". *Preston v Sleziak,* 383 Mich 442, 449–450 (1970); *Genesee Merchants Bank & Trust Co v Payne,* 6 Mich App 204, 208 (1967). Likewise, the weight of authority clearly holds that a social guest, though specifically in-

vited, stands in the legal relationship to his host of a licensee. *Preston, supra,* p 453; *Miller v Miller,* 373 Mich 519 (1964); 25 ALR2d 598, 600; 38 Am Jur, Negligence, Social Guest, § 117, p 778. However, the specific issue involved in this appeal in light of the type of factual situation as presently confronts us has never before been decided in this state.

The appellate court of Illinois, in applying its legal concept of invitee to situations where services were rendered between family relations, concluded that a person who is on premises for a purpose connected with the owner's business, for an activity which the owner carries on or *permits to be carried on,* or for a mutually beneficial interest or by invitation of the owner is an "invitee". *Drews v Mason,* 29 Ill App 2d 269; 172 NE2d 383 (1961). Likewise, the Court in *Wilson v Bogert,* 81 Idaho 535, 545; 347 P2d 341, 347 (1959), stated:

> "Where a person enters upon the premises of another for a purpose connected with the business there conducted, or the visit may reasonably be said to confer or anticipate a business, commercial, monetary or other tangible benefit to the occupant, the visitor is held to be an invitee."

The District Court of Appeals for the State of California, *Speece v Browne,* 229 Cal App 2d 487, 491–492; 40 Cal Rptr 384, 387–388 (1964), in analyzing the holdings of three of its own state's decisions, pointed out that in each case the defendant received a benefit from the presence of the plaintiff consisting of something more than the intangible benefit conferred by social visitors. The Court noted in particular the opinion of *Cain v Friend,* 171 Cal App 2d 806; 341 P2d 753 (1959), as standing for the proposition that if a person is

expressly or impliedly invited to visit an owner's premises *to perform services beneficial to such owner,* that person is an invitee and not a licensee.

In tempering this expanded concept of invitee in light of the firmly established rule regarding the status of a "social guest", the Court in *Pandiscio v Bowen,* 342 Mass 435, 437–438; 173 NE2d 634, 636 (1961), set forth the following well-reasoned guideline:

"Nevertheless, a member of a family or household group or group of acquaintances rendering friendly help in household routine or commonplace tasks to another member of the group does not cease to be a licensee or social visitor unless the character or circumstances of the assistance make it clearly the dominant aspect of the relationship rather than a routine incident of social or group activities."[1]

Whether a case falls on one side of the line or the other is sometimes difficult to determine. The critical factor involved is to determine whether the benefit conferred is the dominant aspect of the visit, or, alternatively, is the "routine incident of social or group activities". It is apparent, therefore, that in most instances such a determination will be a question of fact. Accordingly, unless the court is justified in concluding that the only inference that can be drawn from the evidence or the uncontradicted facts is that the dominant purpose of the visit was social and that the services rendered, if any, were only incidental to such purpose, the question whether the visitor is a licensee or an invitee should be left to the trier of fact under the well-established principle that whenever there is room for an honest difference of opinion between

---

[1] For cases citing and applying this test, see *Jones v Brote,* 354 Mass 129; 235 NE2d 779 (1968); *O'Brien v Myers,* 354 Mass 131; 235 NE2d 780 (1968); *Speece v Browne,* 229 Cal App 2d 487, 491–492; 40 Cal Rptr 384, 387–388 (1964).

men of average intelligence, the question to be determined is one of fact rather than one of law. *Miller v Miller, supra.*

In considering the case at bar in light of the foregoing principles, we hold that it cannot be said as a matter of law that plaintiff was a licensee while in defendants' home. The trial court, in its decision regarding the motion for summary judgment, characterized the situation as a "mutually advantageous agreement", thereby assuming that defendants anticipated delay in returning to Flint was *caused by* their prior agreement to bring the mother and grandmother back with them to Flint. Even if such a deduction was correct, thereby rendering plaintiff's visit not for the sole benefit of the defendants, still the facts of this case would demand our holding plaintiff's legal status to be that of an invitee as a matter of law. This is because plaintiff still could not be said to have come upon the premises in question for social purposes, plaintiff knowing defendants would not be home at the time. The sole purpose plaintiff visited defendants' home on the night in question was to carry out the services she had agreed to perform for the benefit of defendants. Under no circumstances can it be said that the sole benefit inured to plaintiff.

Reversed and remanded. Costs to plaintiff.

All concurred.