## SOCHA v PASSINO

Docket No. 50072. Submitted December 10, 1980, at Lansing.—Decided February 23, 1981.

Thomas Socha brought an action against Jack Passino and Jaclyn Passino for damages resulting from injuries he sustained in a fall on defendants' property. Following trial, the jury returned a verdict for plaintiff and judgment was entered, Cheboygan Circuit Court, Richard G. Boyce, J. Defendants appeal, alleging that the trial court erred in instructing the jury on the standard of care owed to plaintiff. *Held:*

The trial court erred in instructing the jury that they could find that plaintiff was an invitee rather than a licensee. The record reveals that no evidence was presented that plaintiff's presence on defendants' property was in any way beneficial to defendants. The instruction was prejudicial to defendants, entitling them to a new trial.

Reversed and remanded.

1. COURTS — TRIAL COURTS — JURY INSTRUCTIONS.

A trial court is required to instruct a jury so as to fully and properly apprise it of applicable law.

2. COURTS — TRIAL COURTS — JURY INSTRUCTIONS — EVIDENCE.

It is error for a trial court to instruct a jury on issues not supported by the evidence.

3. NEGLIGENCE — INVITEES — WORDS AND PHRASES.

An invitee is either a public invitee or a business visitor; a public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which such land is held open to the public; a business visitor is a person who is so invited for a purpose directly or indirectly connected with business dealings with the possessor of the land, and an individual can be an invitee where his visit may reasonably be said to

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial §§ 574, 575.
[2] 75 Am Jur 2d, Trial § 651.
[3] 62 Am Jur 2d, Premises Liability §§ 37, 39, 40.
[4] 62 Am Jur 2d, Premises Liability § 51.

confer or anticipate a business, commercial, monetary, or other tangible benefit to the occupant.

4. NEGLIGENCE — LICENSEES — WORDS AND PHRASES.

A licensee is a person who desires to be on the premises of another because of some personal, unshared benefit and who is merely tolerated by the owner of the premises, such as one who enters a premises to recover an item of personal property or to obtain some article of value given him by the occupant.

*Sumpter & Loznak, P.C.,* for plaintiff.

*Stroup & Brown, P.C.,* for defendants.

Before: T. M. BURNS, P.J., and ALLEN and D. F. WALSH, JJ.

PER CURIAM. Plaintiff brought a suit to recover damages for injuries sustained in a fall from the balcony of defendants' house.[1] The jury rendered a verdict in favor of the plaintiff in the amount of $10,000. Defendants' motions for new trial and for judgment notwithstanding the verdict were denied.

The suit arose from an accident which occurred as plaintiff was moving a bed which had been given to plaintiff's aunt by defendants. While lowering the mattress from a second story balcony, plaintiff leaned against a railing constructed by defendant Jack Passino. The railing gave way and plaintiff fell approximately 15 feet.

Over defendants' objection, the trial court allowed the jury to decide whether plaintiff was an invitee or a licensee. In finding for plaintiff, the jury stated on the special verdict form that both defendants were negligent ("without their knowledge").

---

[1] The instant case was plaintiff's second trial, the first having been reversed on appeal because of the trial court's refusal to give a Standard Jury Instruction. *Socha v Passino,* 405 Mich 458; 275 NW2d 243 (1979).

Defendants argue that the trial court erroneously instructed the jury on the standard of care owed to an invitee because there was no evidence that plaintiff was an invitee. We agree and remand for a new trial.

A trial judge is required to give instructions so that the jury is fully and properly apprised of the applicable law. *Berlin v Snyder,* 89 Mich App 38; 279 NW2d 322 (1979). Consequently, it is error to give an instruction when there is no testimony in the record to support it. *Campbell v Charles J Rogers Construction Co,* 58 Mich App 411, 419; 228 NW2d 398 (1975).

An invitee has been defined as one who is on the owner's premises for a purpose mutually beneficial to both parties. *Kucken v Hygrade Food Products Corp,* 51 Mich App 471, 474; 215 NW2d 772 (1974). *Dobbek v Herman Gundlach, Inc,* 13 Mich 549, 554; 164 NW2d 685 (1968). In *Preston v Sleziak,* 383 Mich 442, 450-451; 175 NW2d 759 (1970), the Court adopted the following Restatement definition of the term invitee:

"(1) An invitee is either a public invitee or a business visitor.

"(2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.

"(3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." Restatement Torts, 2d, § 332, p 176.

An individual can be an invitee if the visit may reasonably be said to confer or anticipate a business, commercial, monetary, or other tangible ben-

efit to the occupant. *Leveque v Leveque,* 41 Mich App 127, 130; 199 NW2d 675 (1972).

On the other hand, a licensee is one who desires to be on the premises because of some personal, unshared benefit and is merely tolerated on the premises by the owner. *Dobbek, supra,* 554. Typical examples illustrating a licensee include an individual who enters the premises to recover an item of personal property or to obtain some article of value given to the licensee by the occupant. 62 Am Jur 2d, Premises Liability, § 52, p 293.

In the present case, plaintiff was on defendants' premises to obtain a bed given to plaintiff's aunt. Although the discussion concerning this item of furniture took place at a garage sale, it is undisputed that the bed was not connected with the sale in any way and that no money exchanged hands. Plaintiff's claim in his theory of the case that defendants were benefited by their being relieved of the obligation of disposing of the items is unsupported by the record. The testimony established that the new purchaser of defendants' house had already agreed with defendants to accept any furniture that was left behind after they had moved. Defendants were under no obligation to dispense with any unwanted furniture.

In light of the testimony presented at trial, we conclude that there was no evidence whatsoever that the plaintiff's presence on the premises was in any way beneficial to the defendants. Therefore, it was error for the trial court to instruct the jury that they could find that the plaintiff was an invitee. The duty owed an invitee has been described as "rigorous", *Quinlivan v The Great Atlantic & Pacific Tea Co, Inc,* 395 Mich 244, 256; 235 NW2d 732 (1975), and greatly expands the circumstances under which defendants could be

held liable. While it may be possible to explain the jury's verdict in a manner consistent with a jury determination that plaintiff was viewed as a licensee and not an invitee,[2] the form of the verdict strongly suggests the opposite. Defendants were found to have been negligent ("without their knowledge").

Since we cannot state that the jury's verdict was unaffected by the erroneous instruction, we find that it was prejudicial to the defendants and entitles them to a new trial.

Reversed and remanded.

---

[2] The host of a licensee can be liable if he had "reason to know of" the dangerous condition. *Preston v Sleziak, supra,* 453. The jury's conclusion that defendants had no knowledge of the defect may be compatible with this aspect of a landowner's liability to a licensee.