DORAN v COMBS

Docket No. 67081. Submitted November 7, 1983, at Lansing.—Decided June 19, 1984.

Plaintiffs, Bertha Doran and J. W. Doran, brought an action in the Ingham Circuit Court against defendant, Jan S. Combs, for damages for injuries sustained by Bertha Doran, defendant's former mother-in-law, when she fell in the defendant's driveway while returning the defendant's children to her after the plaintiff's son's weekend visitation with his children. Following a trial, a jury verdict of no cause of action was rendered and a court order reflecting that verdict was entered. Plaintiffs appeal alleging that the trial court, Thomas L. Brown, J., erred by failing to find and to instruct the jury that Bertha Doran was an invitee on defendant's property at the time of the accident as a matter of law. *Held:*

1. As the trial court found, Ms. Doran's presence on defendant's premises was mutually beneficial and primarily a service to defendant, a service defendant impliedly invited to save a 24-mile round trip and to prevent a possible altercation with her ex-husband. Therefore, as a matter of law, Bertha Doran was an invitee.

2. Since Ms. Doran's status as an invitee affected the standard of care owed to her, the trial court erred reversibly by failing to find and to instruct the jury that Ms. Doran was an invitee.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 62 Am Jur 2d, Premises Liability § 58 *et seq.*
Modern status of rules conditioning landowner's liability upon status of injured party as invitee, licensee, or trespasser. 22 ALR4th 294.

[2, 6] 62 Am Jur 2d, Premises Liability § 51 *et seq.*

[3] 62 Am Jur 2d, Premises Liability § 74 *et seq.*

[4, 6] 62 Am Jur 2d, Premises Liability § 39 *et seq.*

[5] 62 Am Jur 2d, Premises Liability § 62 *et seq.*

[6] 62 Am Jur 2d, Premises Liability §§ 37, 99, 101.
Liability for injury to guest in home or similar premises. 25 ALR2d 598.

[7] 62 Am Jur 2d, Premises Liability §§ 39, 101.

R. M. SHUSTER, J., dissented and would hold that the trial court correctly refused to charge that Ms. Doran was an invitee as a matter of law since he does not believe that reasonable persons would be compelled to conclude that Ms. Doran was an invitee. He noted that a reasonable jury would not have to conclude that defendant impliedly solicited any visit from Ms. Doran, let alone a visit whose dominant purpose was to benefit the defendant. He would also hold that, to the extent that taking the children to defendant's home was primarily a benefit to the defendant, this benefit was fulfilled upon the transportation of the children to defendant's home and that, therefore, the jury could conclude that when Ms. Doran left her car she was engaged in some personal business of her own, *i.e.*, a social visit. He would affirm.

### OPINION OF THE COURT

1. NEGLIGENCE — LANDOWNERS — DUTY TO INJURED PERSONS.

    The duty owed by a landowner to a party injured on his land depends upon the status of the injured party at the time of the injury.

2. NEGLIGENCE — LICENSEES.

    A licensee is one who is on the premises of another because of some personal unshared benefit and is merely tolerated on the premises by the owner.

3. NEGLIGENCE — LANDOWNERS — DUTY TO LICENSEES.

    A property owner's duty to a licensee extends only (1) to liability for injuries caused by conditions the owner knows of and realizes involve an unreasonable risk of harm, (2) where the owner fails to exercise reasonable care to make the condition safe or warn the licensee of the conditions or risks, and (3) where the licensee does not know or have reason to know of the risk.

4. NEGLIGENCE — INVITEES.

    An invitee is one who is on the owner's premises for a purpose mutually beneficial to both parties.

5. NEGLIGENCE — LANDOWNERS — DUTY TO INVITEES.

    An owner or occupier of land owes an invitee the duty to exercise ordinary and prudent care to render the premises reasonably safe.

Dissent by R. M. Shuster, J.

6. Negligence — Invitees — Licensees.

> A person is an invitee if he has been expressly or impliedly invited to visit a landowner's premises, the dominant purpose of that visit being to perform some service beneficial to the owner; if the primary purpose of the visit is social intercourse, that person is a social visitor or licensee; a visitor is also a licensee if the purpose of the visit is to obtain a personal benefit which is unshared by the owner of the premises.

7. Negligence — Invitees — Licensees — Fact Questions.

> The determination of whether a person is an invitee or a licensee on the land of another is normally a question of fact; therefore, a trial court should refuse to charge the jury that a person was an invitee as a matter of law where reasonable persons would not be compelled to conclude from the evidence that the person was an invitee.

*Sablich, Ryan, Bobay & Pollok, P.C.* (by *Mark S. Farrell*), for plaintiffs.

*Valenti, Winiemko & Bolger* (by *Ronald C. Winiemko*), for defendant.

Before: Hood, P.J., and R. B. Burns and R. M. Shuster,* JJ.

Per Curiam. Plaintiffs appeal as of right from a jury verdict of no cause of action and the July 12, 1982, court order reflecting that verdict.

Plaintiff Bertha Doran, defendant's former mother-in-law, brought defendant's children home after her son's weekend visitation with them. Ms. Doran pulled into defendant's driveway, alighted from her car, fell, and broke her ankle. At the close of plaintiffs' proofs in this negligence action, defendant moved for a directed verdict, arguing in part that the Dorans failed to present any evidence that Bertha Doran was an invitee rather than a licensee. The trial court denied that part of defendant's motion stating,

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

"[I]t's the court's opinion that she was certainly an invitee. She had an invitation to deliver the children to her [defendant's] home, and to drop them off, and to go in and visit and return to her car and leave, and at any time that the father exercised visitation."

At the close of defendant's proofs, plaintiffs moved for a directed verdict and requested a finding and instruction that, as a matter of law, Bertha Doran was an invitee on defendant's property at the time of the accident. Defendant renewed her motion for a directed verdict. Following a review of *Leveque v Leveque,* 41 Mich App 127; 199 NW2d 675 (1972), the trial court stated:

"I think there are questions of fact that ought to be resolved as to whether she was an invitee, or a licensee. That is something the jury can mull over and decide for themselves."

The court went on to state that Bertha Doran's service to defendant in returning the children to defendant's home was mutually beneficial to the parties; Ms. Doran did not have to referee an altercation between her son and his ex-wife, and defendant was spared a trip and a possible altercation with her ex-husband.

Plaintiffs' sole issue on appeal is that the trial court erred by failing to find and instruct the jury that Bertha Doran was an invitee as a matter of law. We agree.

The duty owed by a landowner depends upon the status of the injured party at the time of the injury. *Leep v McComber,* 118 Mich App 653, 657-658; 325 NW2d 531 (1982). A licensee is one who is on the premises of another because of some personal unshared benefit and is merely tolerated on the premises by the owner. *Danaher v Partridge*

*Creek Country Club,* 116 Mich App 305, 313; 323 NW2d 376 (1982); *Socha v Passino,* 105 Mich App 445, 448; 306 NW2d 316 (1981). A property owner's duty to a licensee extends only (1) to liability for injuries caused by conditions the owner knows of and realizes involve an unreasonable risk of harm, (2) where the owner fails to exercise reasonable care to make the conditions safe or warn the licensee of the conditions or risks, and (3) where the licensee does not know or have reason to know of the risk. *Preston v Sleziak,* 383 Mich 442, 453; 175 NW2d 759 (1970); 2 Restatement Torts, 2d, § 342, p 210.

An invitee is one who is on the owner's premises for a purpose mutually beneficial to both parties. *Danaher, supra,* p 312. An owner or occupier of land owes an invitee the duty to exercise ordinary and prudent care to render the premises reasonably safe. *Preston v Sleziak, supra,* p 447; *Danaher, supra.* Thus, a landowner's duty to an invitee is broader than that owed to a licensee.

In *Leveque, supra,* plaintiff was the defendants' sister-in-law. At defendants' request, she went to their home to pick up the defendants' children. While plaintiff was carrying defendants' infant child down the front stairs, plaintiff fell due to a defective porch step. The trial court granted defendants' motion for summary judgment after holding that plaintiff was a licensee as a matter of law. This Court reversed the summary judgment, finding that plaintiff was an invitee as a matter of law. In doing so, this Court expanded the status of invitee to include a personal friend or family member, normally licensees, in instances where the predominant nature of the visit is not for social purposes, but rather for predominately beneficial purposes to the landowner. The *Leveque*

Court did say that in most instances a finding of licensee/invitee status would be a question of fact. However, in that case, where the evidence showed that plaintiff's visit was not for a social purpose, the Court determined that plaintiff was an invitee as a matter of law.

In this case, the evidence did not show that Bertha Doran's sole purpose was to render services beneficial to defendant. She often visited socially with defendant on such occasions. Nevertheless, as the trial court found, Ms. Doran's presence on defendant's premises was mutually beneficial and primarily a service to defendant, a service defendant impliedly invited as it saved her a 24-mile round trip and a possible altercation with her ex-husband. Therefore, we find as a matter of law that Bertha Doran was an invitee. As this status affected the standard of care owed Ms. Doran, we find that the trial court caused reversible error by failing to find and instruct the jury that Ms. Doran was an invitee.

Reversed and remanded for a new trial.

R. M. SHUSTER, J. *(dissenting)*. I respectfully dissent. In *Leveque v Leveque,* 41 Mich App 127, 131; 199 NW2d 675 (1972), relied on by the trial court, this Court held that whether a person is an invitee or a licensee is normally a question of fact. Accordingly, the trial court correctly refused to charge that Bertha Doran (plaintiff) was an invitee as a matter of law unless reasonable individuals could not differ as to the conclusion to be derived from the evidence and inferences to be drawn therefrom. *Jackovich v General Adjustment Bureau, Inc,* 119 Mich App 221, 238; 326 NW2d 458 (1982).

A person is an invitee if he has been expressly or impliedly invited to visit an owner's premises,

the dominant purpose of that visit being to perform some service beneficial to the owner. Moreover, if the primary purpose of the visit is social intercourse, that person is a social visitor or licensee. *Leveque, supra.* A visitor is also a licensee if the purpose of the visit is to obtain a personal benefit which is unshared by the owner of the premises. *Socha v Passino,* 105 Mich App 445, 448; 306 NW2d 316 (1981).

In this case, plaintiff was returning her son's children to his ex-wife's (defendant's) home. The children were being returned after plaintiffs' son exercised his visitation rights at plaintiffs' home as required by the couple's judgment of divorce. Plaintiff, her son, and defendant had no formal arrangement concerning who would take the children home after a visit. On the date of the accident, there was no express invitation by defendant to plaintiff to come to her home. Defendant stated that, had she been asked, she would have picked up her children from plaintiffs' home. Testimony also showed that plaintiff occasionally visited defendant socially.

Taking the evidence in the light most favorable to the non-movant, defendant, as any court must when considering whether a directed verdict on an issue should be granted, I cannot agree that reasonable persons would be compelled to conclude that plaintiff was an invitee.

I believe that the jury could conclude that plaintiff's primary purpose in going to defendant's home was to benefit her son. The children were, after all, visiting plaintiff's home so that her son could exercise his visitation rights. In any case, here, where defendant testified that she would willingly have picked up her children from plaintiff's home if asked, I do not believe that a reasonable jury

would have to conclude that defendant impliedly
solicited any visit from plaintiff, let alone a visit
whose dominant purpose was to benefit defendant.

Assuming, however, that when the agent (here,
plaintiff) of a non-custodial parent returns the
children to the custodial parent's home, this neces-
sarily constitutes, as a matter of law, a visit whose
dominant purpose is the benefit of the custodial
parent, I still disagree with the majority's conclu-
sion. To the extent that taking the children to
defendant's home was primarily a benefit to her,
this benefit was fulfilled upon the transportation of
the children to defendant's home. Plaintiff was not
obligated to leave her car and step onto the prem-
ises to complete the service of transporting the
children. Indeed, when plaintiff was asked why she
simply did not drop the children off in the drive-
way, she responded: "Well, because I—I thought
that we—I felt free to go in and talk with her
[defendant]." Plaintiff also indicated that it was
her normal practice to stop and talk with defen-
dant when she brought the children home. There-
fore, the jury could easily conclude that, when
plaintiff left her car and was injured, she was then
engaged in some personal business of her own (i.e.,
a social visit with defendant). This conclusion is
amply supported by plaintiff's own testimony.

I would affirm.