956 F.2d 1164
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Connie NESBARY and Dale Nesbary, Plaintiffs-Appellants,
v.
GERBER PRODUCTS CO., Defendant-Appellee.
 No. 91-1601.
 United States Court of Appeals, Sixth Circuit.
 March 3, 1992.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 This case is a diversity action under Michigan law in which plaintiffs Connie Nesbary and Dale Nesbary appeal the district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) of their action against defendant Gerber Products Co. ("Gerber") for its alleged negligent supervision of an employee. The sole issue which plaintiffs raise for our review is whether the trial court erred in its determination that Connie Nesbary was a licensee and not an invitee while on defendant's premises. For the reasons stated, we affirm.
 
 I.
 
 2
 Plaintiffs are husband and wife and citizens of the State of Massachusetts. Connie Nesbary is thirty-five years of age. Gerber is a Michigan corporation doing business in Fremont, Michigan. Connie Nesbary's father, Gordon Obits, was employed at Gerber's plant located in Fremont, Michigan, for seventeen years as a photographer. In their amended complaint, plaintiffs allege the following: from the time Connie Nesbary was a preschooler until she was at least sixteen years of age, her father subjected her to repeated acts of violent physical, emotional, and sexual abuse. Connie Nesbary's mother, Joan Obits, participated in many of these acts of abuse and was aware of her husband's other abusive acts.
 
 
 3
 From approximately 1963 to 1970, Gordon Obits required his daughter to go to his place of work after school and on some Saturdays and Sundays where she assisted him in his work in a darkroom at the Gerber plant. This darkroom was built by Gerber according to Gordon Obits' specifications and had features extraneous to its photographic function including soundproofing and the lack of a door knob on the inside door. Many acts of abuse occurred in the darkroom. At least one Gerber employee asked her if she was "alright." Connie Nesbary repressed memories of this abuse and told no one outside her family until she began to have flashbacks in February of 1989 at the age of thirty-four.[1]
 
 
 4
 In Count VII of their complaint,[2] plaintiffs state that Gerber had a duty to prevent harm to plaintiff Connie Nesbary while she was on its premises. Plaintiffs do not state that Gerber had any actual knowledge of the abuse that Connie Nesbary suffered while in the darkroom. However, plaintiffs state that Gordon Obits was "known to be violent and emotionally unpredictable employee who needed supervision." Plaintiffs do not state who other than Joan Obits knew Gordon Obits to be violent and emotionally unpredictable, nor do plaintiffs allege the existence of any records or other documentary evidence which should have put Gerber on notice as to Gordon Obits' abusive propensities.
 
 
 5
 On September 25, 1989, plaintiffs filed this action. On October 5, 1989, plaintiffs filed an amended complaint. Finding that plaintiffs had failed to state a claim upon which relief could be granted, the district court dismissed this action on February 21, 1990, pursuant to Fed.R.Civ.P. 12(b)(6). This timely appeal followed.
 
 II.
 
 6
 We review de novo a district court's ruling on a motion under Fed.R.Civ.P. 12(b)(6). Lamb v. Phillip Morris, Inc., 915 F.2d 1024, 1025 (6th Cir.1990), cert. denied, 111 S.Ct. 961 (1991). In reviewing a judgment entered pursuant to Fed.R.Civ.P. 12(b)(6), the complaint is construed in the light most favorable to the plaintiff, and all well-pleaded facts are accepted as true. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). Nevertheless, this court need not accept as true legal conclusions or unwarranted factual inferences set forth in the complaint. Id. Dismissal of the complaint under Fed.R.Civ.P. 12(b)(6) is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 12 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citations omitted)).
 
 
 7
 There is no contention in this appeal that Gordon Obits' alleged acts of abuse were committed within the scope of his employment as a photographer at Gerber. In Michigan, an employer cannot be vicariously liable for his employee's intentional, tortious acts committed outside the employee's scope of employment. See Green v. Shell Oil Co., 450 N.W.2d 50, 53 (Mich.App.1989). Nevertheless, an employer may be liable for an employee's violent acts committed against an invitee where the employer knew or should have known that the employee possessed propensities to commit the violent acts and the employer failed to exercise reasonable care to make the premises safe for the invitee. See Hersh v. Kentfield Builders, Inc., 189 N.W.2d 286, 288-289 (Mich.1971); see also Tyus v. Booth, 235 N.W.2d 69, 71 (Mich.App.1975).
 
 
 8
 In this case, the district court held that based on the allegations in the complaint, plaintiff Connie Nesbary was not an invitee on the Gerber premises during the time when the acts of abuse took place. Rather, the district court determined that Connie Nesbary was a licensee, and that the employer's duty to supervise employees extends only to invitees and not licensees under Michigan law.
 
 
 9
 On appeal, plaintiffs do not dispute the district court's holding that an employer's duty to exercise reasonable care in supervising an employee extends only to invitees and not to licensees.
 
 
 10
 However, plaintiffs dispute the district court's finding that Connie Nesbary was a licensee on the Gerber premises. In characterizing a person's status when on premises owned by another, Michigan still recognizes the three traditional categories of invitee, licensee, and trespasser. See e.g., Kreski v. Modern Wholesale Electric Supply Co., 390 N.W.2d 244, 246 (Mich.App.1986), rev'd on other grounds, 415 N.W.2d 178 (Mich.1987). The Michigan Supreme Court in Preston v. Sleziak, 175 N.W.2d 759 (Mich.1970), has defined an invitee as
 
 
 11
 either a public invitee or a business visitor.
 
 
 12
 (2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.
 
 
 13
 (3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings would be possessor of the land.
 
 
 14
 Id. at 763 (quoting Restatement of Torts (2d), § 332); see also Socha v. Passino, 306 N.W.2d 316, 318 (Mich.App.1981).
 
 
 15
 Michigan courts have also defined an invitee as "one who is on the owner's premises for a purpose mutually beneficial to both parties." Doran v. Combs, 354 N.W.2d 804, 805 (Mich.App.1984) (per curiam); Danaher v. Partridge Creek Country Club, 323 N.W.2d 376, 378 (Mich.App.1982). A licensee, on the other hand, is "one who desires to be on the premises of another because of some personal unshared benefit and is merely tolerated by the owner." Doran, 354 N.W.2d at 805; Danaher, 323 N.W.2d at 379.
 
 
 16
 Plaintiffs argue that Connie Nesbary's presence at Gerber does not comply with the definition of a licensee because "[s]he did not desire 'to be on the premises because of some personal, unshared benefit.' " Plaintiffs' Brief at 4. Instead, plaintiffs argue that she was an invitee at Gerber's plant because she conferred a tangible benefit on Gerber by helping her father in his work. Under the facts alleged in the complaint, it cannot reasonably be said that Connie Nesbary desired to be on the premises of Gerber. However, the fact that she may have conferred a tangible benefit on Gerber does not automatically make her an invitee. According to the Michigan Supreme Court, "the status of an invitee is tested not only by the theory of economic benefit but also upon the concept of invitation." Preston, 175 N.W.2d at 763; see also Kreski, 390 N.W.2d at 246. Plaintiffs' complaint does not allege nor are there any facts found in the complaint to support a contention that Connie Nesbary ever entered the Gerber premises at Gerber's invitation. The complaint alleges only that she was there at the behest of her father and supports only a finding that her presence was simply tolerated by Gerber. Therefore, we conclude that the district court correctly determined that plaintiff Connie Nesbary was a licensee at all times in question while at the Gerber plant.
 
 
 17
 In view of the unchallenged premise that an employer owes no duty to a licensee for an employee's intentional, tortious acts committed outside the employee's scope of employment, it appears beyond doubt that plaintiffs can prove no set of facts upon which they may state a claim entitling them to relief. Plaintiffs argue that the district court's judgment in this case was untimely because it was rendered before they were able to conduct discovery to uncover facts to support their allegations. However, further discovery would have been pointless when the underlying allegations necessary for a claim upon which relief can be granted were not even present in their amended complaint.
 
 
 18
 Finally, Gerber requests attorneys' fees for the cost of defending this appeal. This court follows the "American Rule" which mandates that each party pays his own attorneys' fees absent a specific statute authorizing otherwise. Hensley v. Eckerhart, 461 U.S. 424 (1983). However, Gerber offers no authority in support of its request. Therefore, Gerber's request for attorneys' fees is denied.
 
 III.
 
 19
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Under Michigan law, a person suffering from a mental impairment has one year from the removal of the impairment to bring an action although the limitations period has run. Mich.Comp.Laws Ann. § 600.5851(1). Plaintiffs filed this complaint within one year of Mrs. Nesbary's alleged flashbacks. Since the facts alleged in a pleading must be considered true by a court considering a motion to dismiss, the district court held that the plaintiffs' action was not time barred on the face of the complaint
 
 
 [2]
 Counts I through VI and Count VIII of the complaint set forth claims against Gordon Obits and Joan Obits who were named as individual defendants in this action. However, they are not parties to this appeal having reached a settlement with plaintiffs