STITT v HOLLAND ABUNDANT LIFE FELLOWSHIP

Docket No. 192208. Submitted January 6, 1998, at Grand Rapids. Decided
    May 5, 1998, at 9:20 A.M. Leave to appeal sought.

    Violet J. and Gilbert E. Moeller brought an action in the Ottawa Cir-
    cuit Court against Holland Abundant Life Fellowship, seeking dam-
    ages for injuries after Violet Moeller tripped over a tire curb and
    fell in the parking lot of the defendant's church on her way to the
    church for a Bible study session. A jury returned a verdict of no
    cause of action after it was instructed by the court, Edward R.
    Post, J., to consider Violet Moeller a licensee rather than an invitee
    with respect to the duty of care owed her by the defendant. The
    plaintiffs appealed. While the appeal was pending, Violet Moeller
    died and Jill Stitt, personal representative of the decedent's estate,
    was substituted in place of the decedent.

        The Court of Appeals *held*:

        1. A plaintiff's status as invitee or licensee is a question of law
    where, as here, there is no dispute concerning the purpose for
    which the plaintiff was on the property in question.

        2. Under Michigan law, an invitee is a public invitee or a business
    visitor. A public invitee is a person who is invited to enter or
    remain on land as a member of the public for a purpose for which
    the land is held open to the public. A person visiting a church to
    attend the church's services or functions is a public invitee and
    thus is properly considered an invitee when determining the prem-
    ises liability of the church.

        Reversed and remanded for a new trial.

1. NEGLIGENCE — PREMISES LIABILITY — INVITEES — LICENSEES.

    Whether a plaintiff in an action for premises liability is an invitee or a
        licensee when on the property at issue is a question of law when-
        ever there is no dispute concerning the purpose for which the
        plaintiff was on the property.

2. NEGLIGENCE — PREMISES LIABILITY — INVITEES.

    An invitee is either a public invitee or a business visitor; a public invi-
        tee is a person who is invited to enter or remain on land as a mem-
        ber of the public for a purpose for which the land is held open to
        the public; a business visitor is a person who is invited to enter or

remain on land for a purpose directly or indirectly connected with business dealings with the possessor of land.

3. NEGLIGENCE — PREMISES LIABILITY — CHURCH VISITORS — INVITEES.

A person visiting a church to attend the church's services or functions is a public invitee for purposes of premises liability.

*Ronald J. Giddy*, for the plaintiffs.

*Smith, Haughey, Rice & Roegge* (by *Elizabeth Roberts VerHey*), for the defendant.

Before: HOEKSTRA, P.J., and GRIFFIN and BANDSTRA, JJ.

BANDSTRA, J. Violet Moeller (Moeller) was injured in defendant church's parking lot before an evening Bible study session when she tripped over a concrete tire stop. Moeller and her husband filed suit,[1] claiming that defendant was negligent by, inter alia, failing to properly light the parking lot and failing to properly mark or position the tire stops that were placed there. The jury returned a verdict of no cause of action in favor of defendant.

Plaintiffs raise a number of issues on appeal, one of which is outcome-determinative. The trial court concluded that Moeller was a licensee, rather than an invitee, and instructed the jury accordingly with respect to the duty of care that defendant owed to her. Because there is no factual dispute concerning the purpose for which Moeller was on defendant's premises, Moeller's status as an invitee or licensee is a question of law that we review de novo on appeal. *Reid v Norfolk & W R Co*, 964 F Supp 1249, 1252 (CD Ill, 1997) ("A plaintiff's status is a question of law if

---

[1] Although Violet Moeller was an original plaintiff in this matter, she is now deceased, and Jill Stitt, as personal representative for Moeller's estate, has been substituted for Moeller for purposes of this appeal. Further, Gilbert Moeller's claim is derivative of his wife's claim.

there are no factual questions present."); *Swanson v McKain*, 59 Wash App 303, 307; 796 P2d 1291 (1990) ("Where, as here, the facts surrounding the complaining party's entry upon the property in question are not contested, the determination of the legal status of that entrant as either an invitee, licensee or trespasser is a question of law."); *In re Hamlet (After Remand)*, 225 Mich App 505, 521; 571 NW2d 750 (1997) (questions of law are reviewed de novo); cf. *White v Badalamenti*, 200 Mich App 434, 436; 505 NW2d 8 (1993) (the issue of the visitor's status as an invitee or licensee is a question of fact if there is a factual dispute regarding the purpose for which the visitor is on the premises). We conclude that the trial court erred in deciding that Moeller was a licensee and remand for a new trial.

We begin our analysis with the definition of "invitee." Consistent with early English precedents, most American jurisdictions afforded invitee status to persons entering upon the property of another for business purposes and, accordingly, granted them greater protections than those afforded to licensees. Prosser & Keeton, Torts (5th ed), § 61, pp 419-420. This limited definition of "invitee" was adopted in the first Restatement of Torts. *Id.* at 420. In contrast, the second Restatement of Torts includes a second category of persons as "invitees," those who come onto property not for a business purpose but rather because of a public invitation extended by the property owner. *Id.* at 422.

(1) An invitee is either a public invitee or a business visitor.

(2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.

(3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land. [2 Restatement Torts, 2d, § 332, p 176.]

This section of the second Restatement of Torts was cited by our Supreme Court in *Preston v Sleziak*, 383 Mich 442, 450; 175 NW2d 759 (1970). At issue in *Preston* was the status of social guests invited to a private cottage for a weekend visit. *Id.* at 444-445. Relying on comments under § 332 of the second Restatement of Torts, the Court reasoned that a social guest is a licensee rather than invitee. *Id.* at 450-451. In contrast to a "public invitee," as that term is used in the second Restatement, a social guest invited to a private residence "does not come as a member of the public upon premises held open to the public . . . ." *Id.* at 451.

The Court in *Preston* did not explicitly state that it was adopting the second Restatement of Torts provision, including public invitees among those granted invitee status, as controlling Michigan authority. However, the Court did state that the second Restatement definition of "invitee," including the "public invitee" alternative, "fairly represents the law of this state pertaining to what constitutes the legal status of an invitee." *Id.* Further, the Court's analysis of the question before it assumed that persons entering property pursuant to a public invitation were to be afforded invitee status, although the Court held that a social guest did not fit into the public invitee category. On the basis of our reading of *Preston*, we conclude that

§ 332 of the second Restatement of Torts applies in Michigan and that, for purposes of the present analysis, an "invitee" includes a "public invitee" as defined in the second Restatement.[2]

In *Kreski v Modern Wholesale Electric Supply Co*, 429 Mich 347, 359; 415 NW2d 178 (1987), the Supreme Court stated: "Essentially, invitee status requires . . . benefit for the occupant . . . . The entrant must be on the premises for a purpose directly or indirectly related to the owner's or occupant's business." Defendant argues that *Kreski* thus rejected *Preston's* inclusion of "public invitees" within the definition of "invitees." We disagree. The Court in *Kreski* cited *Preston* and the second Restatement of Torts definition of invitee with approval. *Id.* Further, nothing in the *Kreski* analysis of the question presented, i.e., the status to be afforded firefighters, suggests that the Court intended to limit "invitees" to those entering premises with a business purpose. *Kreski* did not consider whether firefighters enter property for the benefit of the occupant or for a purpose related to the owner's business. Instead, the Court concluded that firefighters do not cleanly fit into the invitee cat-

---

[2] In *Socha v Passino*, 105 Mich App 445; 306 NW2d 316 (1981), another panel of our Court considered *Preston* and came to a more confusing conclusion. While stating that the Court in *Preston* "adopted" the second Restatement definition, including its "public invitee" alternative, the panel in *Socha* also defined an invitee as "one who is on the owner's premises for a purpose mutually beneficial to both parties . . . [and where] the visit may reasonably be said to confer or anticipate a business, commercial, monetary, or other tangible benefit to the occupant." *Id.* at 447-448. *Socha* has thus been cited as indicating that Michigan law limits the definition of "invitee" to those who come upon the land of another for some "business" that is "of at least potential pecuniary profit to the possessor." *Prosser*, *supra* at 420 & n 18. We are not bound by *Socha*, MCR 7.215(H)(1), and to the extent it may be read to interpret *Preston* differently, we reject its analysis.

egory because they do not enter property by invitation, express or implied. *Id.* That analysis applies equally well to either the "public invitee" or "business visitor" definitions found in the second Restatement and adopted in *Preston*; both definitions apply only to persons "who [are] invited to enter or remain on land." *Preston, supra* at 450. Accordingly, notwithstanding the statement relied on by defendant, we do not conclude that *Kreski* undermines the clear import of *Preston* that "invitees" include both "public invitees" and "business visitors."

Having determined that Michigan law includes "public invitees" within the category of "invitees," we consider whether a church visitor like Moeller in this case is a "public invitee."[3] Although we could find no Michigan precedent considering this question,[4] courts in other jurisdictions that have considered the question[5] uniformly conclude that church visitors are "public invitees." E.g., *Clark v Moore Memorial United Methodist Church,* 538 So 2d 760, 763-764 (Miss, 1989); *Fleischer v Hebrew Orthodox Congregation,* 539 NE2d 1 (Ind, 1989); *Stevens v Bow Mills*

[3] The trial court incorrectly limited its analysis to a determination whether Moeller was a "business visitor." It did so primarily relying on *McNulty v Hurley,* 97 So 2d 185 (Fla, 1957). *McNulty* is certainly not binding on Michigan courts. Further, it no longer represents good Florida law following precedents in that state adopting the second Restatement of Torts definition including its "public invitee" alternative. *Heath v First Baptist Church,* 341 So 2d 265, 266 (Fla App, 1977).

[4] As the parties agree, the available Michigan precedents have only considered persons entering church property to participate in a business or economic activity being conducted there. *Manning v Bishop of Marquette,* 345 Mich 130; 76 NW2d 75 (1956) (bingo gaming); *Kendzorek v Guardian Angel Catholic Parish,* 178 Mich App 562; 444 NW2d 213 (1989), overruled on other grounds in *Orel v Uni-Rak Sales Co, Inc,* 454 Mich 564; 563 NW2d 241 (1997) (a fund-raising carnival).

[5] The precedents cited by defendant from jurisdictions that do not recognize the "public invitee" alternative are, of course, inapposite.

*Methodist Church,* 111 NH 340; 283 A2d 488 (1971). In *Clark, supra* at 764, the court concluded:

> Members of religious associations, in general . . . fall within the category of "public invitees," defined in . . . § 332(2) of the Restatement . . . . Religious bodies do expressly and impliedly invite members to come and attend their services and functions. They hold their doors open to the public. . . . Therefore, a [visitor] who does not exceed the scope of a church's invitation, is an invitee while attending a church for church services or related functions.

For similar reasons, we conclude that Moeller in this case was a "public invitee" as that term has been defined by the second Restatement of Torts and adopted in *Preston.* Accordingly, Moeller is an "invitee" for purposes of determining the duty that defendant owed to Moeller while attending the Bible study session.

The trial court's incorrect decision, that Moeller should be considered a "licensee," resulted in improper jury instructions and inappropriate decisions regarding the evidence that was relevant and admissible at trial. Accordingly, we conclude that this matter must be reversed and remanded for a new trial. It is unnecessary for us to consider the other questions raised on appeal.[6] We do not retain jurisdiction.

---

[6] We do note, however, that we have concerns about the manner in which the trial court allowed defendant to introduce expert testimony notwithstanding plaintiffs' argument that the scientific theory advanced was not accepted by the scientific community. If this issue surfaces again, the trial court should state on the record its reasoning for allowing or disallowing the testimony under applicable precedents. See, e.g., *Nelson v American Sterilizer Co (On Remand),* 223 Mich App 485, 489-492; 566 NW2d 671 (1997); *People v Davis,* 199 Mich App 502, 512; 503 NW2d 457 (1993).