TAYLOR v LABAN

Docket No. 212077. Submitted September 7, 1999, at Grand Rapids. Decided June 13, 2000, at 9:10 A.M.

Douglas Taylor brought an action in the Kent Circuit Court against Sharon Laban and others, seeking damages for injuries sustained in a series of altercations that occurred at Laban's house during a graduation party for Laban's son. Taylor claimed that he was assaulted by party attendees. The court, Dennis C. Kolenda, J., granted summary disposition in favor of Laban, finding that Laban did not owe a duty to the plaintiff. The plaintiff appealed.

The Court of Appeals *held*:

1. The court erred in considering the plaintiff to have been an invitee rather than a licensee.

2. A social host's only duty to make a premises safe for a guest is to warn the guest of concealed defects that are known to the owner and to refrain from wilful and wanton misconduct that injures the guest. A social host has a duty to control guests, but only to the extent that the host refrain from wilful and wanton misconduct that results in one guest injuring another guest.

3. The plaintiff failed to establish that Laban had the ability to avoid the resulting harm to the plaintiff. The plaintiff failed to show that the alleged various acts of omission committed by Laban amounted to wilful and wanton misconduct.

4. Although the court erroneously based its decision on the duty owed by a landowner to an invitee, rather than a licensee, the court's order must be affirmed because it reached the right result.

Affirmed.

1. NEGLIGENCE — DUTY — LICENSEES — INVITEES.

The duty owed by a landowner to an injured party depends on the status of the injured party at the time of the injury; landowners have a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land; a licensee is entitled to expect only to be placed on an equal footing with the landowner by an adequate disclosure of any dangerous conditions that are known to the landowner.

2. Negligence — Social Guests — Licensees.
   A person who attends a landowner's party as a social guest is a licensee rather than an invitee.

3. Negligence — Duty — Social Hosts — Social Guests.
   A social host's only duty to make a premises safe for a social guest is to warn the guest of concealed defects that are known to the owner and to refrain from wilful and wanton misconduct that injures the guest; a social host has a duty to control guests, but only to the extent that the host refrain from wilful and wanton misconduct that results in one guest injuring another guest.

*James Booth Burr, Jr.*, for the plaintiff.

*Timothy L. Tacket*, for Sharon Laban.

Before: McDonald, P.J., and Neff and Smolenski, JJ.

Per Curiam. Plaintiff Douglas Taylor appeals as of right from the trial court's order granting defendant Sharon Laban's motion for summary disposition pursuant to MCR 2.116(C)(8) and (10).[1] We affirm.

Plaintiff's claim arises from injuries he suffered from a series of altercations that occurred at defendant's house during a high school graduation party for defendant's son, Brady Schmitz. Plaintiff alleged that defendant invited him to her home as a guest for the party. The deposition testimony indicates that plaintiff and Schmitz had an argument in defendant's kitchen. The testimony further indicates that plaintiff went out to the patio and talked to other guests about Schmitz' behavior. Plaintiff testified that a confrontation occurred with Schmitz, in which Schmitz struck him twice, but that plaintiff did not strike back. Plaintiff further testified that neither blow caused him serious harm; however, he became angry and threatened to

---

[1] For purposes of this opinion, we shall refer to defendant Sharon Laban as "defendant."

beat up Schmitz.[2] One witness, Mark Chase, testified that two male guests grabbed plaintiff and threw him into the swimming pool to prevent him from injuring Schmitz. Another witness, Jennifer Lynn Langlois, testified that Douglas Eacker pushed plaintiff back into the pool with his foot.[3] Plaintiff testified that after he got out of the pool, he left defendant's yard. Langlois testified that four of the guests followed plaintiff out of the yard and that Eacker told her that he kicked and hit plaintiff. Chase testified that he went to the front yard, saw plaintiff lying in the street, and that someone called an ambulance.

This Court reviews motions for summary disposition de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). A court deciding a motion under MCR 2.116(C)(8) considers only the pleadings, accepting all well-pleaded factual allegations as true and construing them in the light most favorable to the nonmovant. *Maiden*, *supra* at 119; MCR 2.116(G)(5). "A court may only grant a motion pursuant to MCR 2.116(C)(8) where the claims are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992). A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Maiden*, *supra* at 119.

---

[2] Plaintiff testified that he told Schmitz, "Brady, that does it, I'm going to beat the shit out of you if you keep up this shit."

[3] Eacker, a codefendant, is not a party to this appeal.

In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10), (G)(4). *Quinto v Cross & Peters Co*, 451 Mich 358; 547 NW2d 314 (1996). [*Maiden, supra* at 119-120.]

In his second amended complaint, plaintiff alleged that his injuries resulted from the negligence of defendant and other persons attending the party. In order for plaintiff to establish a prima facie case of negligence, he must prove (1) that defendant owed a duty to him, (2) that defendant breached that duty, (3) that defendant's breach of duty was a proximate cause of his damages, and (4) that he suffered damages. *Krass v Tri-County Security, Inc*, 233 Mich App 661, 667-668; 593 NW2d 578 (1999). As a general rule, there is no duty that obligates one person to aid or protect another, absent a special relationship that exists between a plaintiff and a defendant. *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495, 498-499; 418 NW2d 381 (1988); 2 Restatement Torts, 2d, § 314, p 116 and § 314A, p 118. "The duty owed by a landowner depends upon the status of the injured party at the time of the injury." *Doran v Combs*, 135 Mich App 492, 495; 354 NW2d 804 (1984).

In granting defendant's motion for summary disposition, the trial court concluded that defendant owed no duty to plaintiff, because plaintiff's suit sought to transfer law enforcement duties to defendant contrary to the public policy as expressed in *Williams* and *Scott v Harper Recreation, Inc*, 444 Mich 441; 506

NW2d 857 (1993). In both *Williams* and *Scott*, our Supreme Court held that the landowner was not liable for injuries resulting from criminal acts committed against the landowners' business invitees. In *Williams, supra* at 503-504, the Court stated the underlying public policy for its decision:

> The inability of government and law enforcement officials to prevent criminal attacks does not justify transferring the responsibility to a business owner such as defendant. To shift the duty of police protection from the government to the private sector would amount to advocating that members of the public resort to self-help. Such a proposition contravenes public policy.

> \*    \*    \*

> . . . The merchant is not an insurer of the safety of his invitees, and for reasons of public policy he does not have the responsibility for providing police protection on his premises.

In *Scott, supra* at 452, the Court reaffirmed the holding in *Williams* "that merchants are ordinarily not responsible for the criminal acts of third persons," even when the merchant voluntarily takes safety precautions.

Here, because plaintiff attended defendant's party as a social guest, Michigan law views him as a licensee rather than an invitee. *Preston v Sleziak*, 383 Mich 442, 453; 175 NW2d 759 (1970); *D'Ambrosio v McCready*, 225 Mich App 90, 93; 570 NW2d 797 (1997). Therefore, the trial court erred in considering plaintiff an invitee rather than a licensee. Nonetheless, we agree with the court's dismissal of plaintiff's claim.

An invitee is on the owner's premises for a purpose mutually beneficial to both parties. *Doran, supra* at 496. Consequently, the law recognizes that a special relationship exists between landowners and their invitees and that landowners have a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land. *Williams, supra* at 499.

> Thus, a common carrier may be obligated to protect its passengers, an innkeeper his guests, and an employer his employees. The rationale behind imposing a duty to protect in these special relationships is based on control. In each situation one person entrusts himself to the control and protection of another, with a consequent loss of control to protect himself. The duty to protect is imposed upon the person in control because he is best able to provide a place of safety. [*Id.*]

In contrast to an invitee, a licensee "is on the premises of another because of some personal unshared benefit and is merely tolerated on the premises by the owner." *Doran, supra* at 495. Consequently, a licensee " 'is entitled to expect only that he will be placed upon an equal footing with the possessor himself by an adequate disclosure of any dangerous conditions that are known to the possessor.' " *D'Ambrosio, supra* at 94, quoting 2 Restatement Torts, 2d, § 343, comment b, p 216. In *Preston, supra* at 453, our Supreme Court stated that the duty owed by a landowner to a licensee was "best expressed" in 2 Restatement Torts, 2d, § 342, p 210, which it quoted:

> "A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,

"(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

"(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

"(c) the licensees do not know or have reason to know of the condition and the risk involved."

The illustrations of "conditions" given in § 342 include a private road guttered by recent rains, a private road that has been dangerously undermined, and a bridge with unobservable dangers in the owner's driveway. 2 Restatement Torts, 2d, § 342, pp 211-212. While defendant could be liable to plaintiff for physical harm caused to him by a condition on the land, plaintiff does not allege that his injury was caused by such a condition. Rather, plaintiff claims that he was "beaten, battered, assaulted, abused and/or kicked by party attendees" on defendant's premises, and he contends on appeal that defendant had a duty to control the conduct of the other party guests to prevent them from seriously harming him.

Michigan courts have not addressed whether a social host has a duty either to control the conduct of guests or to protect one guest from the harmful conduct of other guests. After reviewing similar cases from other jurisdictions, we adopt the view expressed by those jurisdictions that a social host is under no duty to make a premises safe for a guest other than to warn the guest of concealed defects that are known to the owner and to refrain from wilful and

wanton misconduct that injures the guest.[4] See, e.g., *Martin v Shea*, 463 NE2d 1092, 1094 (Ind, 1984), quoting and adopting the dissenting opinion of a judge of the Indiana Court of Appeals in that case (" 'Although the extent of the owner-occupier's duty toward the licensee has been variously described, the kinds of conduct for which he is liable have been categorized as positive wrongful acts, willful or wanton misconduct, and entrapment. . . . Negligence toward a licensee is not sufficient to impose liability.' "), and *Gregor v Kleiser*, 111 Ill App 3d 333, 335-337; 443 NE2d 1162; 67 Ill Dec 38 (1982) (landowners were under no duty to make a premises safe for the plaintiff, a guest and licensee, other than to warn the guest of concealed defects known to the owners and to refrain from wilfully or wantonly injuring the guest). We believe that this type of limited duty imposed on a social host is consistent with the public policy as expressed by the Court in *Williams, supra* at 503-504. Cf. *Gouch v Grand Trunk W R Co*, 187 Mich App 413, 416-417; 468 NW2d 68 (1991), in which this Court held that an owner of land does not have a duty to protect all people using its land, be they invitees, licensees, or trespassers, from the criminal acts of third parties, unless the owner actively creates or maintains the criminal activity or fails to act reasonably to end criminal activity that takes place in its presence.

In adopting this rule limiting the social host's duty to warn guests of concealed defects that are known to the owner and to refrain from wilful and wanton misconduct that injures the guests, we conclude that

---

[4] See, generally, anno: *Liability to adult social guest injured otherwise than by condition of premises*, 38 ALR4th 200.

a social host has a duty to control guests, but only to the extent that the host refrain from wilful and wanton misconduct that results in one guest injuring another guest. In reviewing plaintiff's claim, we must be mindful of the required elements for wilful and wanton misconduct, which are

> (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another. [*Miller v Inglis*, 223 Mich App 159, 166; 567 NW2d 253 (1997).]

Here, plaintiff alleged that defendant was utterly indifferent to the safety of plaintiff and committed various acts of omission including "failing to intercede," "failing to call or contact the police or other civil authorities," "failing to render aid" to plaintiff, and "failing to stop attendees" from beating plaintiff when she knew that plaintiff was being beaten. The pleadings, testimony, and other evidence, when viewed in the light most favorable to plaintiff, fail to establish that defendant had the ability to avoid the resulting harm to plaintiff. While the deposition testimony further indicates that defendant remained in the house when the incidents occurred at the swimming pool and in the street, plaintiff presented no evidence that defendant had the ability and "means at hand" to avoid the resulting harm to plaintiff. This Court does not readily view omissions to act as wilful and wanton misconduct. *Ellsworth v Highland Lakes Development Associates*, 198 Mich App 55, 61-62; 498 NW2d 5 (1993).   Accordingly, we hold that the trial court

properly granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). Although it appears that the trial court's decision was not based on the duty owed by a landowner to a licensee, we will not reverse the court's order when the right result was reached for the wrong reason. *Samuel D Begola Services, Inc v Wild Bros*, 210 Mich App 636, 640; 534 NW2d 217 (1995).

Affirmed.