BLASE v APPICELLI

Docket No. 120284. Submitted February 11, 1992, at Detroit. Decided July 20, 1992, at 10:05 A.M. Leave to appeal sought.

John Blase brought an action in the Wayne Circuit Court against John M. Appicelli, alleging false arrest, malicious prosecution, and assault and battery. The defendant, a police officer, had arrested the plaintiff for disorderly conduct. The plaintiff had tendered a plea of guilty of disorderly conduct in the 36th District Court, which the court, Leon Jenkins, J., took under advisement. The court subsequently dismissed the charge. The circuit court, Claudia House Morcom, J., granted summary disposition for the defendant and dismissed the complaint, ruling that there were no genuine issues of material fact and that the defendant was entitled to judgment as a matter of law. The plaintiff appealed.

The Court of Appeals *held:*

1. The circuit court erred in summarily dismissing the claims of false arrest and malicious prosecution on the ground that the plaintiff's guilty plea provided conclusive proof of probable cause for his arrest and prosecution. Although, a conviction, unless procured by fraud or unfair means, is conclusive evidence of probable cause, there was no conviction in this instance because the guilty plea tendered by the plaintiff never was accepted. Also, the plaintiff's plea may have been procured through unfair means because the district judge initiated and participated in the discussions that led to the agreement to plead guilty.

2. An action for malicious prosecution is not barred by the settlement or compromise of a prosecution where the settlement or compromise was brought about by duress or coercion.

3. The circuit court did not err in summarily dismissing the claim of assault and battery. The plaintiff failed to respond to

REFERENCES

Am Jur 2d, False Imprisonment §§ 96-100, 120, 128; Malicious Prosecution § 71.

See the Index to Annotations under False Imprisonment and Arrest; Malicious Prosecution.

the defendant's contention that he had used only force that was necessary to effectuate the arrest.

Affirmed in part, reversed in part, and remanded.

1. TORTS — FALSE ARREST — MALICIOUS PROSECUTION — PROBABLE CAUSE — GUILTY PLEAS.

A plea of guilty of a criminal offense that is taken under advisement and ultimately not accepted by a court, leading to dismissal of the charge, does not constitute conclusive evidence of probable cause for the arrest and the prosecution and is not grounds for dismissal of an action for false arrest or malicious prosecution.

2. TORTS — MALICIOUS PROSECUTION — SETTLEMENT OR COMPROMISE OF CHARGE.

An action for malicious prosecution is not barred by the settlement or compromise of a prosecution where the settlement or compromise was brought about by duress or coercion.

*Goodman, Eden, Millender & Bedrosian* (by *William H. Goodman*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Stewart H. Freeman* and *Ronald W. Emery,* Assistant Attorneys General, for the defendant.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and BRENNAN, JJ.

DOCTOROFF, C.J. Plaintiff appeals as of right a circuit court order granting summary disposition to defendant pursuant to MCR 2.116(C)(10). Plaintiff contends that the trial court erred in dismissing his claims of false arrest, malicious prosecution, and assault and battery. We affirm in part and reverse in part.

This case arises from an incident that occurred on May 29, 1985, at Tiger Stadium. Plaintiff and his wife attended a baseball game with two friends, Bill Mitchell and Bill McGraw. Two men who sat directly behind the Blases were loud,

boisterous, and obnoxious. The men allegedly threw small bits of paper that landed on Rosemary Blase's sweater and one of the men then removed the paper in an offensive manner.

Plaintiff sought the assistance of an usher. Defendant, who sat next to the two men, told the usher that nothing was going on and the usher left. The two men left sometime before the end of the game.

At the end of the game, Mitchell asked defendant what he thought of the two men. Defendant indicated that he did not think the men had been obnoxious and that he thought Rosemary Blase had been obnoxious and provoked the men. When Rosemary Blase took issue with defendant's opinion, plaintiff stepped between them. According to defendant, plaintiff stepped on his foot and pushed him into a seat. Plaintiff denies doing this and claims that defendant turned him around, placed him in a chokehold, and announced that he was a police officer. Defendant received assistance from stadium security and plaintiff was taken to the stadium's police holding room. Plaintiff was charged with disorderly conduct, a misdemeanor.

Plaintiff subsequently appeared before 36th District Court Judge Leon Jenkins. Plaintiff initially pleaded not guilty and requested a jury trial. Judge Jenkins called the prosecutor and defense counsel into his chambers. Judge Jenkins stated his belief that the prosecutor would win, suggested that the parties enter into a plea bargain, and set forth the terms of the plea bargain. Judge Jenkins informed defense counsel that if her client demanded a jury trial and was found guilty, he would receive the maximum jail sentence.

After discussing the plea bargain with defense counsel, plaintiff pleaded guilty of disorderly conduct. Judge Jenkins took the plea under advise-

ment, ruling that, if plaintiff avoided any felony or misdemeanor convictions for six months, the case would be automatically dismissed. The charges against plaintiff were ultimately dismissed.

Thereafter, plaintiff filed this action against defendant, alleging false arrest, malicious prosecution, assault and battery, and violation of his constitutional rights under 42 USC 1983. The § 1983 claim was later voluntarily dismissed. The trial court granted defendant's motion for summary disposition of all three claims and dismissed plaintiff's complaint.

A motion for summary disposition pursuant to MCR 2.116(C)(10) may be granted when, except for the amount of damages, there is no genuine issue concerning any material fact and the moving party is entitled to judgment as a matter of law. A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. The party opposing the motion must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial. *Ewers v Stroh Brewery Co,* 178 Mich App 371, 374; 443 NW2d 504 (1989), MCR 2.116(G)(4). The court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it. *McCluskey v Womack,* 188 Mich App 465, 469; 470 NW2d 443 (1991). Giving the benefit of reasonable doubt to the opponent, the court must determine whether a record might be developed that would leave open an issue upon which reasonable minds might differ. *Amorello v Monsanto Corp,* 186 Mich App 324, 330; 463 NW2d 487 (1990).

To prevail on a claim of false arrest, the plaintiff must show that the arrest was not legal, i.e., that it was made without probable cause. *Tope v Howe,* 179 Mich App 91, 105; 445 NW2d 452 (1989). One element that the plaintiff must prove to succeed

on an action for malicious prosecution is the absence of probable cause for the proceedings. *Young v Barker,* 158 Mich App 709, 721; 405 NW2d 395 (1987).

In granting the motion for summary disposition, the trial court accepted defendant's position that plaintiff's claims of false arrest and malicious prosecution were invalid as a matter of law because plaintiff's guilty plea was conclusive proof of probable cause.

It is well established that a conviction, unless procured by fraud or unfair means, is conclusive evidence of probable cause. *Moore v Michigan Nat'l Bank,* 368 Mich 71, 73; 117 NW2d 105 (1962); *Piechowiak v Bissell,* 305 Mich 486, 497; 9 NW2d 685 (1943), quoting 1 Cooley on Torts (4th ed), p 397, § 118. The general rule applies to a conviction that results from a guilty plea. *Killian v Fuller,* 162 Mich App 210, 215; 412 NW2d 698 (1987).

The significant fact about this case is that the proceedings in the 36th District Court did not result in a conviction. The transcript of the guilty plea proceedings clearly indicates that Judge Jenkins did not accept plaintiff's guilty plea.[1] A guilty plea that is taken under advisement and never accepted does not result in a conviction. Therefore, the trial court erred in granting summary disposition of plaintiff's claims of false arrest and malicious prosecution on the basis that his guilty plea was conclusive proof of probable cause.

In addition, if the testimony of plaintiff's defense

---

[1] We note that the record of the proceedings in the 36th District Court contains the following rubber-stamped entry: "Defendant withdraws former plea of not guilty and enters plea of guilty. Plea accepted." However, immediately below that is another rubber-stamped entry: "Taken under advisement for 6 months to 2/17/86 if no further contact with law enforcement, case to be dismissed." Given the trial court's clear statements on the record at the guilty plea proceeding, we reject any assertion that the first rubber-stamped entry establishes that plaintiff's plea was accepted.

counsel is believed, plaintiff's guilty plea was procured by unfair means. A guilty plea that is procured by unfair means is not conclusive evidence of probable cause. *Moore, supra; Piechowiak, supra.* In *People v Killebrew,* 416 Mich 189; 330 NW2d 834 (1982), the Supreme Court held that a trial judge should not initiate or participate in discussions aimed at reaching a plea agreement and may not engage in negotiation of the bargain itself. The voluntariness of a criminal defendant's guilty plea is questionable where a trial court exerts or even seems to exert the authority of its position to induce the defendant to plead guilty. *Id.,* p 202. In this case, Judge Jenkins not only initiated the discussion but also set forth the terms of the plea bargain. In rejecting plaintiff's claim that his guilty plea was coerced, the trial court made determinations regarding the credibility of plaintiff and plaintiff's defense counsel. The trial court may not weigh credibility when deciding a motion for summary disposition. *Arbelius v Poletti,* 188 Mich App 14, 19; 469 NW2d 436 (1991). The trial court therefore erred in rejecting plaintiff's claim that his guilty plea was coerced.

We decline to address plaintiff's argument that the arrest was unlawful because he did not exhibit disorderly conduct. Plaintiff did not raise this issue in the trial court, and therefore it cannot be reviewed. *Jones v Continental Casualty Co,* 186 Mich App 656, 659; 465 NW2d 45 (1991).

Plaintiff also argues that dismissal of his claims of malicious prosecution was improper because there is a question of fact concerning whether the criminal proceedings terminated in his favor. In ruling on the motion for summary disposition, the trial court did not address defendant's alternative argument that summary disposition of the claim of malicious prosecution was appropriate because the

criminal proceeding did not terminate in plaintiff's favor. Defendant argued that the proceedings did not terminate in plaintiff's favor because the case was dismissed pursuant to an agreement of compromise with the plaintiff. Plaintiff argued that, because his guilty plea was coerced, the rule that an action for malicious prosecution is barred where the criminal proceedings were terminated by a compromise that is not indicative of the plaintiff's innocence did not apply.

Although no published opinion in Michigan has addressed this issue, other jurisdictions have held that a settlement or compromise brought about by duress or coercion will not bar an action for malicious prosecution. *White v Int'l Text-Book Co,* 156 Iowa 210; 136 NW 121 (1912); *Schwartz v Schwartz,* 206 Wis 420; 240 NW 177 (1932); *Robertson v Bell,* 57 Wash 2d 505; 358 P2d 149 (1961); *Gowin v Heider,* 237 Or 266; 386 P2d 1 (1963). We agree with the view adopted in these cases and hold that, if the trier of fact determines that plaintiff's guilty plea was coerced, defendant may not rely on the rule that an action for malicious prosecution is barred where the prior proceeding was terminated by compromise or settlement.

Finally, plaintiff argues that the trial court erred in dismissing his claim of assault and battery. In moving for summary disposition, defendant contended that the arrest was lawful. In his supplemental brief in support of the motion for summary disposition, defendant asserted that the assault and battery claim should be dismissed because he used only that force necessary to effect the arrest. Plaintiff did not offer any response to defendant's argument in his brief in response or at oral argument. Therefore, summary disposition of plaintiff's assault and battery claim was appropriate.

The summary disposition of plaintiff's claims of false arrest and malicious prosecution is reversed. The summary disposition of plaintiff's claim of assault and battery is affirmed.

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction.