## WHITE v BADALAMENTI

Docket No. 136372. Submitted February 4, 1993, at Detroit. Decided April 8, 1993; approved for publication June 25, 1993, at 9:05 A.M.

Carol J. White brought a negligence action in the Macomb Circuit Court against Faro and Barbara Badalamenti, alleging that she had slipped, fallen, and injured herself on ice that had formed in a depression in the front walk of the defendants' house. The plaintiff was at the defendants' house to pick up her daughter, whom the defendants had baby-sat for free. The court, Robert J. Chrzanowski, J., summarily dismissed the claim, ruling that the plaintiff was a licensee, rather than an invitee, on the defendants' property and that, because the ice-filled depression in the walk was not a condition that posed an unreasonable risk of harm, the defendants owed no duty to make the condition safe or warn licensees of the danger. The plaintiff appealed.

The Court of Appeals *held:*

1. Whether someone is an invitee or a licensee on another's property may be a question of fact. In this case, the issue of the plaintiff's status is a question for the finder of fact, given evidence that could support a finding that the plaintiff was an invitee because the parties had agreed informally to provide free baby-sitting services for each other to their mutual benefit.

2. The trial court also erred in ruling as a matter of law that the defendants had not breached the duty they owed to licensees. In light of the condition of the front walk and the existence of that condition for fifteen years, the question whether the defendants breached the duty owed to licensees must be left to the finder of fact.

Reversed.

REFERENCES

Am Jur 2d, Negligence §§ 82, 95.

Liability for injuries from ice or snow on residential premises. 4 ALR3d 558.

Modern status of rules conditioning landowner's liability upon status of injured party as invitee, licensee, or trespasser. 22 ALR4th 294.

1. Negligence — Premises Liability — Invitees — Licensees.

Whether someone is an invitee or licensee on another's property is a question of fact where there is room for an honest difference of opinion between persons of average intelligence over whether the guest is on the property for a social purpose or to render a service beneficial to the owner or possessor of the property.

2. Negligence — Premises Liability — Licensees.

A possessor of land is liable for injuries to a licensee caused by a condition on the land if the possessor has reason to know of the condition, should realize that it involves an unreasonable risk of harm, should expect that licensees will not discover the danger, and fails to exercise reasonable care either to make the condition safe or to warn licensees of the danger.

*Alan H. Broad,* for the plaintiff.

*John C. Candela,* for the defendant.

Before: Wahls, P.J., and Michael J. Kelly and Connor, JJ.

Per Curiam. Plaintiff appeals as of right the trial court's dismissal of her "slip and fall" claim pursuant to MCR 2.116(C)(10). We reverse.

On a drizzly January night, plaintiff was walking up to defendants' house. Defendants had been baby-sitting plaintiff's daughter. As plaintiff stepped on the front walk, she slipped on some ice and hurt herself. The ice had accumulated in a half-inch-deep depression in the walk that had been there since defendants bought the house over fifteen years earlier.

Plaintiff filed this action, alleging that she was injured as a result of defendants' breach of a duty owed her. Following discovery, defendants moved fo summary disposition, arguing that their duty to plaintiff was extremely limited and that there was no evidence that they had breached that limited duty. The trial court agreed, finding that

plaintiff was a licensee on defendants' property, not an invitee, and that the condition of the sidewalk did not involve an unreasonable risk of harm.

Plaintiff argues on appeal that the trial court erred in deciding whether she was an invitee or licensee, and erred in deciding that the sidewalk did not pose an unreasonable risk of harm. We agree.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim, and it should only be granted if, giving the non-moving party the benefit of every reasonable doubt, it is impossible for the claim to be supported at trial. *Paterek v 6000 Limited,* 186 Mich App 445, 447; 465 NW2d 342 (1990). Whether someone is an invitee or a licensee on another's property may be a question of fact where persons of average intelligence can disagree over whether the guest is on the property for a social purpose or to render a service beneficial to the owner of the property. See *Leveque v Leveque,* 41 Mich App 127, 131; 199 NW2d 675 (1972). We think the trial court improperly decided a question of fact in this case. To be an invitee, plaintiff's presence on defendants' land must have been related to an activity of some tangible benefit to defendants. See *Kreski v Modern Wholesale Electric Supply Co,* 429 Mich 347, 359; 415 NW2d 178 (1987); *Preston v Sleziak,* 383 Mich 442, 450; 175 NW2d 759 (1970). It is true that plaintiff did not pay defendants money to baby-sit her daughter. That does not mean that defendants derived no tangible benefit from caring for the girl and that the parties' relationship must have been social. Plaintiff's deposition testimony indicates that from time to time she would baby-sit defendants' niece. The

deposition supports a reasonable inference that, rather than a social visit, the plaintiff's presence on defendants' property was part of a mutually beneficial, albeit informal, exchange of services.

We also find that the trial court erred in ruling that as a matter of law defendants had not breached the duty a landowner owes a licensee. A possessor of land is liable for injuries to a licensee caused by a condition on the land if the possessor has reason to know of the condition, should realize that it involves an unreasonable risk of harm, should expect that licensees will not discover the danger, and fails to exercise reasonable care either to make the condition safe or to warn licensees of the danger. *Wert v Afton,* 190 Mich App 3, 5; 475 NW2d 403 (1991), quoting *Preston, supra* at 453. However, a possessor of land owes no duty regarding open and obvious dangers. See *Riddle v McLouth Steel Products Corp,* 440 Mich 85, 99-100; 485 NW2d 676 (1992).

In this case, viewing the condition of the walk and the length of time the condition had existed in the light most favorable to plaintiff, we think the question whether defendants breached the duty owed licensees must be left to the finder of fact. See *Forche v Gieseler,* 174 Mich App 588, 597; 436 NW2d 437 (1989). A finder of fact could well decide that the danger posed by the condition of the walk was not noticeable to the ordinary user upon casual inspection, and that plaintiff's injuries were the result of defendants' breach of the duty owed licensees.[1]

Reversed.

---

[1] We note that the facts in this case are significantly different from those in *Novotney v Burger King Corp (On Remand),* 198 Mich App 470; 499 NW2d 379 (1993), where this Court held a handicap access ramp at a fast-food restaurant to be an open and obvious danger as a matter of law.