## D'AMBROSIO v McCREADY

Docket No. 194226. Submitted March 11, 1997, at Lansing. Decided August 15, 1997, at 9:30 A.M. Leave to appeal sought.

Thomas J. D'Ambrosio brought an action in the Emmet Circuit Court against Suzanne McCready, seeking damages for injuries sustained when the plaintiff fell while descending a staircase in the defendant's home. The plaintiff claimed that he slipped on a towel left on the staircase by the defendant. The court, Charles W. Johnson, J., granted summary disposition for the defendant. The plaintiff appealed.

The Court of Appeals *held*:

1. The plaintiff was a licensee. A property owner is potentially liable to a licensee only for harm caused by dangerous conditions that the property owner knows of or of which the property owner has reason to know.

2. Summary disposition was properly granted. The defendant could only be liable for dangers of which she knew or had reason to know and had no obligation to inspect the stairway to protect the plaintiff from unknown dangers.

3. The plaintiff did not present sufficient evidence to create a genuine issue of fact whether the defendant had knowledge or reason to know that a towel was on the stairway presenting a dangerous condition at the time of the accident.

Affirmed.

GRIFFIN, J., dissenting stated that there are genuine issues of material fact in this case, including whether the towel was on the stairway and whether the defendant knew or had reason to know of the condition. Therefore, summary disposition was not appropriate. The towel lying on the dimly lit stairway was not an open and obvious danger as a matter of law. An open and obvious danger is one that is visible, is well known, or is discernible by casual inspection. Here, accepting the plaintiff's testimony as true, the danger was not visible and was not well known to the plaintiff or anyone else. Therefore, the issue is whether the danger was discernible by casual inspection, that is, inspecting in a casual manner the condition as it then existed. Although a detailed or thorough inspection would entail the use of available lighting, a casual inspection

implies no such affirmative action other than to see what is there to be seen. The plaintiff's failure to activate the stairway light is evidence relevant and material to the issue of the plaintiff's comparative negligence, not the defendant's duty. The order or summary judgment should be reversed and the matter should be remanded for further proceedings.

NEGLIGENCE — POSSESSORS OF LAND — LICENSEES — LIABILITY — KNOWLEDGE.

A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, the possessor knows or has reason to know of the condition, should realize that it involves an unreasonable risk of harm to such licensees, should expect that they will not discover or realize the danger, and fails to exercise reasonable care to make the condition safe or to warn the licensees of the condition and the risk involved and the licensees do not know or have reason to know of the condition and the risk involved; a possessor of land has no obligation to inspect the land to protect a licensee from unknown dangers.

*Law Offices John W. Mason, P.C.* (by *John W. Mason* and *Jeffrey S. Burg*), for the plaintiff.

*Sullivan, Crowley & Beeby, P.C.* (by *James I. Sullivan* and *Matthew P. Venema*), for the defendant.

Before: MCDONALD, P.J., and GRIFFIN and BANDSTRA, JJ.

BANDSTRA, J. Plaintiff appeals as of right from an order granting summary disposition to defendant. Plaintiff sued defendant to recover for injuries sustained in a fall down a staircase located in defendant's home. Plaintiff claimed that he slipped on a towel left on the steps by defendant. Defendant moved for summary disposition, claiming that she was entitled to judgment as a matter of law pursuant to MCR 2.116(C)(10) (no genuine issue regarding any material fact). The trial court granted the motion. We affirm.

On the day of the accident, plaintiff went to defendant's home to help her prepare for a party she was giving for a friend. At the time, plaintiff and defendant had a romantic relationship, and plaintiff had been a guest at defendant's home on about twenty prior occasions. After various evening activities not relevant to this appeal,[1] the parties returned to defendant's home. They had a discussion in the laundry room before plaintiff went to sleep in defendant's upstairs bedroom. He did not see anything lying on the staircase as he ascended. Defendant retired to bed a short time later.

Sometime after midnight, plaintiff awoke and decided to go downstairs to have a cigarette and a glass of water. Defendant remained asleep. The lights in the upstairs bedroom were off. At the top of the staircase, just outside defendant's bedroom door, is a landing with a light located in the ceiling above it. That light is activated by a switch located in this landing area. There is some indication in the record that a second switch located in the upstairs landing area activates a light on the first floor of the house. Plaintiff claims that he did not know these switches would activate lights that would illuminate the staircase. Plaintiff did not activate either switch before descending the stairs. The front hall area of the staircase (located on the first floor of the house) was dimly lit from an artificial light burning in the kitchen and the natural moonlight shining in through glass partitions next to the living room door. Plaintiff

---

[1] During the evening, both plaintiff and defendant consumed various alcoholic beverages, but this was not considered by the trial court in issuing the order granting summary disposition to defendant.

believed that the staircase was sufficiently illuminated before he descended.

Plaintiff claims that, as he was descending the staircase, he slipped on a blue towel that was located on approximately the fifth step from the bottom of the staircase. Plaintiff claims that defendant left the towel on the step sometime after he went to bed. Defendant denied ever placing or seeing a towel on the steps that night. According to plaintiff, the towel was not visible because, given the lighting conditions that existed, it blended in with the stairs' wood trim. As a result of the fall, plaintiff sustained severe injuries that left him a quadriplegic.

Both parties and, apparently, the trial court consider plaintiff to have been an invitee. This is incorrect. Notwithstanding the fact that plaintiff was a social guest invited to defendant's house on the night of the accident, he legally was a licensee. *Preston v Sleziak*, 383 Mich 442, 451-453; 175 NW2d 759 (1970). In *Preston*, our Supreme Court adopted § 342 of the Second Restatement of Torts as "best express[ing]" the duty owed by a property owner to a licensee:

> "A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,
>
> "(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
>
> "(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
>
> "(c) the licensees do not know or have reason to know of the condition and the risk involved." [*Preston, supra* at 453, quoting 2 Restatement Torts, 2d, § 342, p 210.]

Under § 342(a), a defendant property owner is potentially liable to a licensee only for harm caused by dangerous conditions that the defendant knows of or of which the defendant has reason to know. This is in contrast to the duty owed to an invitee where a defendant property owner is also liable for harm caused by conditions that would have been discovered "by the exercise of reasonable care . . . ." Restatement, § 343, p 215. The Restatement makes the following distinction between duties owed to licensees and invitees:

> One who holds his land open for the reception of invitees is under a greater duty in respect to its physical condition than one who permits the visit of a mere licensee. . . . [A] licensee is entitled to expect only that he will be placed upon an equal footing with the possessor himself by an adequate disclosure of any dangerous conditions that are known to the possessor. . . . To the invitee the possessor owes not only this duty, but also the additional duty to exercise reasonable affirmative care to see that the premises are safe for the reception of the visitor, or at least to ascertain the condition of the land . . . . [Restatement, § 343, comment b, p 216.]

Applying this principle to the instant case, we conclude that summary disposition was appropriately granted to defendant. While the determination of a motion brought under MCR 2.116(C)(10) requires that we draw "all reasonable inferences" in plaintiff's favor, *Bertrand v Alan Ford, Inc*, 449 Mich 606, 618; 537 NW2d 185 (1995), we nonetheless conclude that there was no genuine issue of material fact with respect to defendant's knowledge regarding the towel.

Accepting plaintiff's account that there was a towel on the stairs (and rejecting defendant's contrary

claim),[2] there is insufficient evidence to create a gen-
uine issue of fact whether defendant had knowledge
or reason to know that the towel was there. Defend-
ant denies that there was any towel whatsoever. In
response, plaintiff's factual account (and resulting
theory of culpability) keeps changing. At his deposi-
tion, plaintiff claimed the towel he saw was neatly
folded, suggesting that it had been deliberately placed
on the stairs by defendant. However, on appeal, plain-
tiff argues that the trial court's implicit finding that
defendant had intentionally and carefully placed the
towel on the stairs "is not supported in the record,
and furthermore does not make sense." Instead, plain-
tiff now argues that defendant inadvertently and
unknowingly "dropped or misplaced" the towel. But,
at his deposition, plaintiff admitted that he never
asked defendant whether this might have occurred.
He simply claimed that it was "obvious" from the fact
that he and defendant were in the laundry room con-
versing before he went to bed. However, defendant
flatly stated at her deposition that, while a conversa-
tion occurred in the laundry room, she never works
on laundry late at night and did not do so before the
accident.

Defendant could only be liable for dangers of
which she knew or had reason to know; she had no

---

[2] The evidence that there was a towel at all is extremely slim. Plaintiff,
who claimed at his deposition that he saw a towel before falling, also
admitted that he does not know where the towel went after the fall, that
he did not ask defendant how the towel got there, that he did not mention
the existence of the towel or its causing his fall to any of the people at the
scene or involved with his care thereafter, and that he only mentioned the
existence of the towel to his attorney. Apart from his own account, plain-
tiff has come forward with no testimony from any person at the scene of
the accident suggesting that a towel was involved. Defendant flatly denies
the existence of any towel on the stairs.

obligation to inspect the stairway to protect plaintiff, a licensee, from unknown dangers. *Preston, supra.* Plaintiff's ever-changing and uncorroborated account presents nothing more than his "pure speculation or conjecture" that defendant knew or had reason to know that a towel was on the stairs presenting a dangerous condition at the time of the accident. See *Skinner v Square D Co*, 445 Mich 153, 165; 516 NW2d 475 (1994). Summary disposition was appropriately granted.[3]

In light of our determination that summary disposition was properly granted for this reason, we need not review whether it was also properly granted for the reason employed by the trial court, i.e., that plaintiff's accident resulted from his failure to turn on an available light and thus make the "casual inspection" required when confronting an open and obvious danger. See *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 474-475; 499 NW2d 379 (1993).

Affirmed.

MCDONALD, P.J., concurred.

GRIFFIN, J. (*dissenting*). In my view, this case involves classic questions of fact that should be decided by the trier of fact. Accordingly, I respectfully dissent from the affirmance of the summary disposition granted in favor of defendant.

---

[3] As noted earlier, this case was erroneously treated below as one involving an invitee, and the trial court did not use this reasoning (applicable only to licensees) as the basis for the grant of summary disposition. Nonetheless, we will affirm summary disposition appropriately granted, albeit for the wrong reason. *Hawkins v Dep't of Corrections*, 219 Mich App 523, 528; 557 NW2d 138 (1996).

I

Although defendant moved for summary disposition pursuant to MCR 2.116(C)(10), the circuit court did not rule that there was no genuine issue of material fact. Rather, the circuit court held that defendant owed no duty to plaintiff because the alleged towel on the stairway was an open and obvious danger. *Bertrand v Alan Ford, Inc*, 449 Mich 606; 537 NW2d 185 (1995); *Riddle v McLouth Steel Products Corp*, 440 Mich 85; 485 NW2d 676 (1992). With regard to defendant's motion, plaintiff's status as either an invitee or licensee was not litigated because it was not material.

At the outset, I agree with the majority that, as a social guest, plaintiff was a licensee, not an invitee. *Preston v Sleziak*, 383 Mich 442, 451-453; 175 NW2d 759 (1970). I also agree that this Court has the authority to affirm a judgment when the lower court reaches a clearly correct result albeit for the wrong reason. *Porter v Royal Oak*, 214 Mich App 478, 488; 542 NW2d 905 (1995); *State Mut Ins Co v Russell*, 185 Mich App 521, 528; 462 NW2d 785 (1990).

Addressing the issue raised sua sponte by the majority, I am mindful of the appropriate standards for deciding motions brought pursuant to MCR 2.116(C)(10):

> A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual support for a claim. *Panich v Iron Wood Products Corp*, 179 Mich App 136, 139; 445 NW2d 795 (1989). In deciding such a motion, the trial court must consider the pleadings, depositions, affidavits, admissions, and other documentary evidence, MCR 2.115(G)(5), and must give the nonmoving party the benefit of every reasonable doubt. *Radtke v Everett*, 442 Mich 368, 373; 501

NW2d 155 (1993); *Rice v ISI Mfg, Inc*, 207 Mich App 634, 635-636; 525 NW2d 533 (1994); *Morganroth v Whitall*, 161 Mich App 785, 788; 411 NW2d 859 (1987). Although the court should be liberal in finding genuine issues of material fact, summary disposition is appropriate when the party opposing the motion fails to provide evidence to establish a material factual dispute. *McCart v J Walter Thompson USA, Inc*, 437 Mich 109, 115; 469 NW2d 284 (1991); *Mascarenas v Union Carbide Corp*, 196 Mich App 240, 243; 492 NW2d 512 (1992). [*Porter, supra* at 484-485.]

Regrettably, some cases such as *Farm Bureau Mut Ins Co of Michigan v Stark*, 437 Mich 175, 184-185; 468 NW2d 498 (1991), continue to cite *Rizzo v Kretschmer*, 389 Mich 363, 371-373; 207 NW2d 316 (1973), for the proposition that

[w]hen ruling on a summary disposition motion under MCR 2.116(C)(10), we must determine whether the kind of record *which might be developed*, giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ. [Emphasis added.]

With the greatest respect, I disagree with *Farm Bureau* and its author, Justice GRIFFIN, regarding the construction of MCR 2.116(C)(10).

*Rizzo* was a 1973 decision that construed the then applicable General Court Rules of 1963 (GCR 1963). Although our current Michigan Court Rules of 1985 (MCR) are based in large part on the former rules, many significant changes exist between the former and present rules of practice. The standards for deciding motions for summary disposition are one area of substantial change. In particular, our present rules contain a new provision that requires a party opposing a motion for summary disposition brought

pursuant to MCR 2.116(C)(10) to submit documentary evidence to establish the existence of a genuine issue of material fact. MCR 2.116(G)(4) provides:

> A motion under subrule (C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact. When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her.

Under the present rule, and contrary to the former rule as construed by *Rizzo*, the court is not to determine "the kind of record which *might* be developed." (Emphasis added.) Rather, the court must decide whether the party opposing the motion *has* established with documentary evidence the existence of a genuine issue of material fact. *Quinto v Cross & Peters Co*, 451 Mich 358; 547 NW2d 314 (1996).

During the same month that the Supreme Court decided *Farm Bureau*, the Court also acknowledged that *Rizzo* had been superseded by the Michigan Court Rules of 1985. In *McCart, supra* at 115, the Supreme Court stated:

> In this case, plaintiff did not specify any facts in opposition to defendant's motion in any "[a]ffidavits, depositions, admissions, or other documentary evidence," MCR 2.116(G)(3), instead simply stating in his responsive plead-

ing that he would produce at trial evidence that defendant's
economic necessity rationale was a pretext.[4]

---

[4] Such a mere promise to offer factual support at trial
was categorized as a "pleading" under the pre-1985 court
rules, see, e.g., *Rizzo v Kretschmer*, 389 Mich 363, 377; 207
NW2d 316 (1973), and, as such, is precisely what is now
insufficient under the new requirements of MCR
2.116(G)(4), enacted in 1985. See Staff Comment to MCR
2.116: "Subrule (G)(4) is new. . . . [L]anguage . . . is added,
*requiring* the party opposing the motion to respond with
affidavits or other evidentiary materials . . . , rather than
relying on the allegations or denials in pleadings." (Emphasis added.)

---

The *McCart* Court held that a promise to develop a
record in the future was insufficient to withstand a
motion under subrule C(10). I agree with *McCart* and
would follow it and *Quinto* rather than *Farm
Bureau*.[1]

## II

In the present case, there are genuine issues of
material fact. These factual questions include whether
the towel was on the stairway and whether defendant
knew or had reason to know of the condition. See,
generally, 2 Restatement Torts, 2d, § 342, p 210. These
factual issues should be submitted to the jury, even if
"the evidence that there was a towel at all is
extremely slim," (*ante* at 94, n 2), and plaintiff's testimony is "uncorroborated" (*id.* at 95).[2] Questions of
credibility are normally reserved for the trier of fact.
*Blase v Appicelli*, 195 Mich App 174, 179; 489 NW2d

---

[1] Additionally, I note that in *Farm Bureau* the recited subrule C(10)
standard was dicta.

[2] I disagree with the majority's characterization of plaintiff's testimony
as "ever-changing." *Ante* at 95. Plaintiff's sworn deposition testimony is
consistent.

129 (1992); *Arbelius v Poletti*, 188 Mich App 14, 19; 469 NW2d 436 (1991).

In deciding motions for summary disposition, "[t]he court may not make factual findings or weigh credibility," *Manning v Hazel Park*, 202 Mich App 685, 689; 509 NW2d 874 (1993). Further, " '[t]he fact allegations in the affidavits [depositions, admissions, or other documentary evidence] of the party opposing the motion must be considered to be true.' " *Bullock v Automobile Club of Michigan,* 432 Mich 472, 475; 444 NW2d 114 (1989), quoting with approval 7 Callaghan's Michigan Pleading & Practice (2d ed), § 43.12, p 30.

According to plaintiff's testimony, the towel was not present when he ascended the stairs for the evening. Later, after defendant retired, plaintiff, while descending the stairs in the middle of the night, tripped and fell on a towel that was lying on the stairway. Under these facts, it is reasonable to infer that the towel was placed or came to rest on the stairs between the time that plaintiff retired and the time defendant retired. Whether defendant knew or had reason to know of the towel is a question of fact. Defendant's testimony that she did not see the towel when she went to bed is not dispositive of the factual issue whether she breached her duty to plaintiff. *White v Badalamenti*, 200 Mich App 434, 437; 505 NW2d 8 (1993); see Restatement 2d, § 342. Accordingly, I respectfully disagree with the majority's analysis.

III

With regard to the issue argued by the parties and decided by the lower court, I agree with plaintiff that the towel lying on the dimly lit stairway was not an open and obvious danger as a matter of law. Only if

the stairway were illuminated would the danger have been seen by casual observation. In *Glittenberg v Doughboy Recreational Industries, Inc*, 436 Mich 673, 695; 462 NW2d 348 (1990), quoting American Law of Products Liability, 3d, § 33:26, p 56, the Supreme Court defined an open and obvious danger as follows:

> "What is 'open and obvious' has been defined as [1] what is visible, [2] what is a well known danger, or [3] what is discernible by casual inspection."

Here, accepting plaintiff's testimony as true, the danger was not visible. In addition, there was no evidence that the danger was well known to plaintiff or anyone else. Accordingly, the issue becomes whether the danger was discernible by *casual* inspection. Defendant would construe the term "casual inspection" to include the affirmative act of using artificial lighting. Plaintiff, however, would define the term as inspecting in a casual manner the condition as it then existed. I agree with plaintiff's position. While a detailed or thorough inspection would entail the use of available lighting, a *casual* inspection implies no such affirmative action other than to see what is there to be seen. See, generally, *Knight v Gulf & Western Properties, Inc*, 196 Mich App 119; 492 NW2d 761 (1992). In my view, plaintiff's failure to activate the stairway light is evidence relevant and material to the issue of plaintiff's comparative negligence, not defendant's duty.

For these reasons, I respectfully dissent. I would reverse and remand for further proceedings.