# STATE OF MICHIGAN

# COURT OF APPEALS

JACOB A MEINKE,

        Plaintiff-Appellant,

v

BRIAN WILLIAMS,

        Defendant-Appellee.

UNPUBLISHED
April 26, 2018

No. 338249
Monroe Circuit Court
LC No. 16-138698-NO

Before: BORRELLO, P.J., and SHAPIRO and TUKEL, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals the trial court's order granting defendant's motion for summary disposition pursuant to MCR 2.110(C)(10), and dismissing all of his claims against defendant. For the reasons set forth below, we reverse.

On December 11, 2014, defendant asked plaintiff to assist him with repairing a small hole in the roof of his recently-purchased house. Specifically, defendant asked plaintiff to enter the attic, go to where the hole was, and perform some action to assist defendant's friend who was working on the hole from the roof above. Unknown to plaintiff was that only a narrow area of the attic floor was weight bearing while the rest of the floor was not weight bearing. Plaintiff entered the attic, which was dark, and had walked some distance towards the hole when the floor gave way beneath him and he fell to the floor of the room below, suffering injury.

As a result of this incident, plaintiff filed this premises liability suit. Defendant moved for summary disposition arguing that plaintiff was a licensee to whom he owed no duty of inspection or affirmative care, that the condition was open and obvious, and that even if the higher standard of invitee applied, there were no special aspects to the condition that created a uniquely high likelihood of harm. In response, plaintiff argued that he was an invitee because defendant asked him to come to the premises to help him work on the house. Plaintiff also argued that the danger was not open and obvious because the attic was unlit and dark, and covered in blown-in insulation so that the floor joists were not visible. In granting defendant's motion for summary disposition, the trial court concluded that plaintiff was a licensee, and that defendant had no duty to warn plaintiff because the condition was open and obvious.

-1-

On appeal, plaintiff first argues that the trial court erred in concluding as a matter of law that he was a licensee on the property and not an invitee. We agree.[1]

A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). Summary disposition is proper if there is "no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). The court considering the motion "must consider the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion." *Joseph*, 491 Mich at 206. All reasonable inferences are to be drawn in favor of the nonmovant. *Dextrom v Wexford Co*, 287 Mich App 406, 415; 789 NW2d 211 (2010).

In this case, a question of fact exists as to whether plaintiff was a licensee or invitee. "Whether someone is an invitee or a licensee on another's property may be a question of fact where persons of average intelligence can disagree over whether the guest is on the property for a social purpose or to render a service beneficial to the owner of the property." *White v Badalamenti*, 200 Mich App 434, 436; 505 NW2d 8 (1993). "To be an invitee, plaintiff's presence on [defendant's] land must have been related to an activity of some tangible benefit to defendants. *Id.* Simply put, a person invited onto the land for the possessor's commercial or pecuniary gain is an invitee. *Sitt v Holland Abundant Life Fellowship*, 462 Mich 591, 604; 614 NW2d 88 (2000).

Generally, "if there is evidence from which invitee might be inferred, it is a question for the jury." *Sitt*, 462 Mich at 595. We conclude that such evidence exists in this case. In his deposition testimony, plaintiff stated that prior to the day of the incident; defendant called him and asked him to come to the house to have a look at it and to "give him a hand." After he arrived at the house, defendant asked him to help with "[p]atching a hole in the roof." Moreover, while defendant testified that he invited plaintiff over to his house "just in conversation," he conceded that the reason plaintiff went into the attic was because he had asked him to "give us a hand" with the roof repair. Because the parties disagree on plaintiff's status at the time of the fall, and the evidence would support the conclusion that plaintiff's presence in the attic was to confer a benefit to defendant, the trial court's conclusion that plaintiff was necessarily a licensee was erroneous.

We also hold that the trial court erred in summarily determining that the fact that the attic floor was mostly non-weight bearing was open and obvious. In Michigan, a landowner does not have a duty to protect invitees from open and obvious dangers because "such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Bullard v Oakwood Annapolis Hosp*, 308 Mich App 403, 409; 864 NW2d 591 (2014). Nor does a landowner owe a duty to warn of open and obvious dangers. *Riddle v McLouth Steel Prods Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992). "Whether a condition is

---

[1] This Court reviews de novo a trial court's decision to grant summary disposition under MCR 2.116(C)(10). *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012).

open and obvious depends on whether it is reasonable to expect an average person of ordinary intelligence to discover the danger upon casual inspection." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). "To determine whether a condition is 'open and obvious,' or whether there are 'special aspects' that render even an 'open and obvious' condition 'unreasonably dangerous,' the fact-finder must utilize an objective standard, i.e., a reasonably prudent person standard." *Mann v Shusteric Enterprises, Inc*, 470 Mich 320, 328-29; 683 NW2d 573 (2004) (quotation marks and citation omitted). "Summary disposition is not appropriate where genuine issues of material fact exist as to whether the condition was open and obvious. *Bragan ex rel Bragan v Symanzik*, 263 Mich App 324, 327-328; 687 NW2d 881 (2004).

Viewed in the light most favorable to plaintiff, the evidence does not support a conclusion that a reasonable person in plaintiff's position would have discovered that the floor was not weight bearing. At minimum, there is a question of fact as to this issue. See *Hughes v PMG Bldg, Inc*, 227 Mich App 1, 11; 574 NW2d 691 (1997).

First, there is a question of fact whether the floor was visible at all. Plaintiff testified that there was "insulation everywhere" on the attic floor and that it covered the floor joists. Defendant does not dispute that the portion of the attic floor covered by insulation was not visible. Moreover, it is undisputed that the attic was unlit and dark. Defendant points out that plaintiff had a hand flashlight but plaintiff testified that it provided only limited illumination, and that he could not see under the insulation.

Given the clear factual dispute as to whether the floor (or the joists) was visible, defendant argues that there was a narrow path of wood flooring that was weight bearing and was visible. Plaintiff disputes that any wooden flooring was visible. However, more to the point, defendant does not argue that plaintiff could have followed this wood path to the area of the attic to which defendant had directed him. Indeed, during his deposition, defendant drew a picture of the attic which showed the path of the wooden portion of the floor as well as the location of plaintiff's fall near the hole in the roof. Notably, plaintiff's fall occurred on the side of the attic opposite the wooden area. According to defendant's drawing, the only way to get to the area to be repaired was to walk *away* from the narrow area floored with wood, which defendant now claims was the only safe place to be.

Second, we reject defendant's argument that because the wood pathway was visible this would reveal, on casual inspection, that the rest of the floor was not. As already noted, there is a question of fact whether the boards were visible at all.[2] However, even if they were, defendant has not explained how this is the equivalent to being able to observe, on casual inspection, that the rest of the floor was not also wooden, or more to the point, that it was non-weight bearing, particularly where, as plaintiff testified, the floor joists could not be seen due to the amount of

---

[2] Defendant's reliance on photographs taken some days or weeks after the incident do not represent what plaintiff would have seen because additional lighting was used to take the photos. Defendant stated that the photos were taken with "a big, bright light." In addition, plaintiff testified that the photos were not accurate representations of the condition at the time of his fall.

insulation.[3] Defendant seems to argue that although the hazard, i.e., a non-weight bearing floor, was not visible, plaintiff should have, by a process of deduction, seen the portion that was wood and from that concluded that that the rest of the floor was not wood and non-weight bearing. However, according to both plaintiff's and defendant's testimony, before plaintiff went into the attic, defendant told him that he had been to the attic to see the hole.[4] Such a statement would lead a reasonable person to the conclusion that the path from the entry of the attic to the hole in the roof was safe to traverse. Defendant confirmed this in his own testimony, stating that he had walked through areas of the attic other than the area where wood could be seen. Moreover, plaintiff testified that defendant specifically told him that "it was safe to walk through the attic," and that defendant did not tell him that there were boards to walk on and not to walk on the area where he saw insulation. Defendant did not contradict plaintiff's testimony; rather, he testified that he could not recall what he said to defendant when he asked him to go into the attic and walk across it.[5]

Plaintiff also argues that even if this Court decides that the condition was open and obvious, special aspects of the condition made the open and obvious risk unreasonably dangerous. A special aspects analysis is required where a condition is first determined to be open and obvious. See for e.g., *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001); *Lymon v Freeland*, 314 Mich App 746, 758-759; 887 NW2d 456 (2016); *Attala v Orcutt*, 306 Mich App 502; 857 NW2d 275 (2014).

Plaintiff makes two reasonable arguments in this regard. First, that the wooden path makes an abrupt 90-degree turn, which was not visible and so, even if someone tried to walk only on the wood, they would be led directly to the area where the floor is non-weight bearing. Second, plaintiff also argues that the danger here was akin to the "thirty foot pit," referenced in *Lugo v Ameritech*, 464 Mich 512, 517-519; 629 NW2d 384 (2001) that "present[ed] a substantial risk of death or severe injury to one who fell in." However, because we conclude that genuine

---

[3] Defendant testified that he did not recall whether the joists were covered by insulation.

[4] When asked in deposition whether he had actually been able to walk to the area of the attic where the roof holes were, defendant stated, "[T]hat part I don't recall."

[5] This case is fundamentally different from snow and ice cases cited by defendant because as noted in *Hoffner*, everyone in Michigan knows that walking on snow and ice is hazardous. *Hoffner* at 454. It cannot be said that everyone in Michigan knows that portions of attic floors are non-weight-bearing; it cannot even be said that this characterization of attic construction is true of all, or even most, attics. Moreover, in *Hoffner*, it was uncontested that "[p]laintiff observed the ice . . . [and] freely admits that she knew the ice posed a danger but saw the danger as surmountable." *Hoffner*, 492 Mich at 473.

issues of material facts exist as to whether the condition was open and obvious, we need not decide the question whether there are special aspects to the condition.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro
/s/ Jonathan Tukel