# STATE OF MICHIGAN

# COURT OF APPEALS

KATHLEEN CARPEN,

        Plaintiff-Appellant,

v

JON B. ZARZA AND TINA L. ZARZA,

        Defendants-Appellees.

UNPUBLISHED
October 9, 2018

No. 342901
Roscommon Circuit Court
LC No. 17-723517-NO

Before: MURPHY, P.J., and SAWYER and SWARTZLE, JJ.

PER CURIAM.

In this premises-liability action, plaintiff appeals as of right the trial court's order granting summary disposition to defendants under MCR 2.116(C)(10). We affirm.

## I. BACKGROUND

The facts of this case are largely uncontested. Plaintiff is the owner of an "up-north" cabin in St. Helen. For some time before this case, plaintiff and her family parked their vehicles on the parcel of land immediately adjacent to their property. Defendants are the owners of a parcel of land on the other side of this adjacent property. At some point before the instant dispute, defendants purchased the lot in between their original property and plaintiff's property (i.e., the middle lot). After defendants attempted to sell part of the middle lot to plaintiff, a land dispute arose between the parties. The land dispute was eventually settled in a separate case when a consent judgment was entered granting plaintiff a portion of the middle lot under the doctrine of acquiescence. Before the conclusion of the land dispute, however, plaintiff suffered the injuries that are the subject of this case.

Plaintiff testified at her deposition that she arrived at her cabin after dark with her adult daughter. Due to the trial court's order in the land-dispute case preventing her from parking in her normal spot on the middle lot, plaintiff parked along the opposite side of her cabin. According to plaintiff, it was "pitch black" and no lights illuminated the area between her car and the door to her cabin. Plaintiff testified that rocks, sticks, and other debris were present on the path from her car to the cabin door, but that she was not concerned about tripping over these hazards and did not carry a flashlight or other luminescent device. Plaintiff began to unload groceries from her car and proceeded to walk towards the cabin door when she tripped over a metal post defendants had installed on the boundary line separating plaintiff's property from the

-1-

middle lot defendants owned. Plaintiff fell to the ground, hit her head, and suffered various injuries.

Plaintiff sued defendants for premises liability, arguing that defendants breached their duty to warn plaintiff of the post. Discovery revealed that the post plaintiff tripped over was one of multiple posts placed near survey markers that plaintiff and her husband had commissioned. According to plaintiff's husband, who measured the post after plaintiff's fall, the posts stood 23 inches tall. Pictures attached to the parties' filings indicate that the post plaintiff tripped over was spray-painted orange with a silver cap and was installed between plaintiff's new parking area and a stone fire pit on plaintiff's property. After the consent judgment awarded plaintiff the portion of land upon which the posts were installed, plaintiff's husband removed them and installed a fence along the new property boundary.

Defendants moved for summary disposition under MCR 2.116(C)(10), arguing that they breached no duty owed to plaintiff. Plaintiff disagreed, arguing that defendants had a duty to illuminate the post and that their placement of an invisible-by-night post evidenced an intent to harm plaintiff or an indifference as to any harm that would result. Plaintiff also argued that the fact that her daughter had been granted an ex parte restraining order against defendants was evidence that defendants intended to do her family harm. The trial court found that evidence existed which could show that plaintiff was a trespasser or a licensee at the time of her fall. Nevertheless, the trial court concluded that, despite questions over plaintiff's status, defendants breached no duty to her. In so ruling, the trial court found that the post was an open-and-obvious danger and that plaintiff had not shown that defendants engaged in any willful and wanton misconduct. Accordingly, the trial court granted defendant's motion for summary disposition.

This appeal followed.

## II. ANALYSIS

We review de novo the trial court's grant of summary disposition. *Tomra of North America, Inc v Dep't of Treasury*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 336871); slip op at 2. "A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the claim, and is appropriately granted when, except as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Id*.

A plaintiff alleging a premises-liability claim must establish that (1) the defendant owed him a duty, (2) the defendant breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) the plaintiff suffered damages. *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013). With respect to a premises-liability claim, "liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012).

"The starting point for any discussion of the rules governing premises liability law is establishing what duty a premises possessor owes to those who come onto his land." *Lymon v Freedland*, 314 Mich App 746, 757; 887 NW2d 456 (2016) (cleaned up). "The duty owed to a visitor by a landowner depends on whether the visitor is classified as a trespasser, licensee, or

invitee." *Kosmalski v St John's Lutheran Church*, 261 Mich App 56, 60; 680 NW2d 50 (2004) (cleaned up). In this case, the parties agree that plaintiff was not an invitee at the time of her injury. The parties, however, disagree over whether plaintiff was a trespasser or licensee at the time. We need not answer this question, however, because we conclude that plaintiff failed to show a genuine issue of material fact that defendants breached a duty owed to her under either standard.

*Willful and Wanton Conduct.* "A trespasser is a person who enters upon another's land, without the landowner's consent." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000), as amended (Sept. 19, 2000) (cleaned up). A land possessor "owes no duty to the trespasser except to refrain from injuring him by willful and wanton misconduct." *Id.* (cleaned up). The elements of willful and wanton misconduct are:

> (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another. [*Taylor v Laban*, 241 Mich App 449, 457; 616 NW2d 229 (2000).]

Willful and wanton conduct is "quasi-criminal and manifests an intentional disregard for another's safety." *Ellsworth v Highland Lakes Development Assocs*, 198 Mich App 55, 61; 498 NW2d 5 (1993).

Plaintiff argues that defendants' willful and wanton conduct is shown by two facts: (1) defendants' history of harassing plaintiff and her family, and (2) the construction of the post itself. Regarding defendants' history of harassing plaintiff and her family, the only documentary evidence that plaintiff provided of this fact in the immediate case was an ex-parte personal-protection order prohibiting defendant Tina Zarza from shouting at the Carpens or otherwise contacting them. While plaintiff submitted other evidence of defendants' harassment of the Carpens in the land-dispute and personal-protection cases, plaintiff failed to submit that evidence to the trial court in this case. Plaintiff has included this evidence in her brief on appeal, but she is precluded from expanding the record on appeal. *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002). Thus, we are left with the ex-parte personal-protection order as the only evidence of defendants' harassment. These orders are generally entered without a hearing and for the purpose of providing emergency protection to a petitioner for the time between the filing and a hearing. Moreover, in this case, the order does not even mention what defendants allegedly shouted at plaintiff or her daughter. Thus, the ex-parte personal-protection order is insufficient evidence to establish a genuine issue of material fact that defendants intentionally disregarded plaintiff's safety.

More importantly, regarding the construction of the barrier, the record shows that the post was constructed near plaintiff's own survey markers, was almost two-feet tall, and was spray-painted orange. Per the photographs the parties attached to their summary-disposition briefs, the post was not obscured by grass, leaves, bushes, or anything else and was clearly visible during the day. Plaintiff argues that the post was nearly invisible at night, but she has not provided any evidence that defendants knew that plaintiff would arrive at the property at night or would

otherwise be unaware of the post. In short, defendants' actions in constructing a post near the existing survey markers in an open area of grass and spray-painting the post orange indicates that defendants considered the safety of people on the property and took affirmative steps to protect visitors from harm regardless of their status as a trespasser, licensee, or invitee. Thus, the trial court properly concluded that defendants did not engage in willful and wanton misconduct and that, if plaintiff was a trespasser on defendants' property, defendants breached no duty owed to her.

*Open-and-Obvious Danger.* "A licensee is a person who is privileged to enter the land of another by virtue of the possessor's consent." *Stitt v Holland Abundant Life Fellowship*, 462 Mich at 596; (cleaned up). A land possessor is liable for injuries to a licensee caused by a dangerous condition on the land if "the possessor has reason to know of the condition, should realize that it involves an unreasonable risk of harm, should expect that licensees will not discover the danger, and fails to exercise reasonable care either to make the condition safe or to warn licensees of the danger." *White v Badalamenti*, 200 Mich App 434, 437; 505 NW2d 8 (1993); see also *Blackwell v Franchi*, ___ Mich ___, ___; 914 NW2d 900 (2018) (Docket No. 155413); slip op at 1. A land possessor "does not owe the licensee a duty to inspect or to repair in order to make the premises safe for the licensee's visit." *Kosmalski*, 261 Mich App at 65.

The premises possessor, however, is "not an absolute insurer of the safety" of an invitee or licensee and, accordingly, the premises possessor's "duty does not extend to open and obvious dangers" *Buhalis*, 296 Mich App at 693 (cleaned up); see also *Blackwell*, ___ Mich at ___; slip op at 1. "The possessor of land owes no duty to protect or warn of dangers that are open and obvious because such dangers, by their nature, apprise [the visitor] of the potential hazard." *Lymon*, 314 Mich App at 757-758 (internal citation and quotation marks omitted). The open-and-obvious doctrine is not an exception to the duty owed by a premises possessor, but an integral part of that duty, and its application is a question of law for the court to decide. *Buhalis*, 296 Mich App at 693.

Thus, assuming arguendo that plaintiff was a licensee on defendants' property at the time of her fall, defendants owed plaintiff a duty to exercise reasonable care to remedy or warn her of reasonably knowable dangers that they had reason to believe she would not discover. *White*, 200 Mich App at 437, see also *Blackwell*, ___ Mich at ___; slip op at 1. Defendants, however, owed plaintiff no duty to remedy or warn her of open-and-obvious dangers. *Blackwell*, ___ Mich at ___; slip op at 1. "Whether a danger is open and obvious involves an objective inquiry to determine whether it is reasonable to expect that an average person with ordinary intelligence would have discovered the danger upon casual inspection." *Lymon*, 314 Mich App at 758 (cleaned up). The open-and-obvious doctrine is predicated on the strong public policy that "people should take reasonable care for their own safety" and precludes the imposition of a duty on the premises possessor to take extraordinary measures to keep people safe from reasonably anticipated risks. *Buhalis*, 296 Mich App at 693-694 (cleaned up). Thus, when the dangers are known to the visitor or are so obvious that the visitor might reasonably be expected to discover them, a land possessor owes no duty to protect or warn the visitor unless the possessor should anticipate the harm despite knowledge of it on behalf of the visitor. *Id*. at 693. "This is an *objective standard*, calling for an examination of the objective nature of the condition of the premises at issue." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012) (cleaned up).

Plaintiff and defendants generally agree that the post presented an open-and-obvious danger during the day. Indeed, this conclusion is rather inescapable from the fact that the post was nearly two-feet tall, spray-painted orange, and completely unobscured. Plaintiff, however, argues that the post was not open-and-obvious at night because the post was concealed by darkness meaning that an ordinary person in plaintiff's position would not uncover the hazard upon casual inspection.

Plaintiff is correct that there is some authority in this jurisdiction that a hazard may be open-and-obvious in a well-lit environment, but hidden when concealed by darkness. See *Blackwell v Franchi*, 318 Mich App 573, 577-578; 899 NW2d 415 (2017), remanded on other grounds, ___ Mich ___; 914 NW2d 900 (2018); *Abke v Vandenberg*, 239 Mich App 359, 363; 608 NW2d 73 (2000); *Knight v Gulf & W Properties, Inc*, 196 Mich App 119, 127; 492 NW2d 761 (1992). Yet, this precedent involves scenarios where darkness was present in a constructed and maintained (i.e., artificial) environment. In such an environment, an ordinary person would expect to encounter a light source, generally an overhead light. When there is no light where one would reasonably expect such light to be, the property possessor may need to take extra steps to guard against reasonably knowable dangers.

The hazard in this case, however, was present outside of an "up-north" cottage in a natural area covered with sticks, rocks, and other debris. While an ordinarily prudent person would not generally expect dangers to be concealed by darkness in a constructed environment, an ordinarily prudent person should expect dangers—especially tripping hazards—to be concealed by darkness in a natural, outdoor setting. Although the post plaintiff tripped over was not a natural object, it posed a tripping hazard similar to that of a log, large rock, or hole. Moreover, plaintiff was aware that other artificial tripping hazards were present in the area. Per plaintiff's own testimony, the posts were constructed near plaintiff's own survey markers, which plaintiff herself did not take measures to light. Additionally, per the pictures contained in the record, the survey marker is in proximity to a large, ground-level fire pit that posed its own tripping hazard. Thus, it follows that an ordinarily prudent person would have used a flashlight or similar lighting aid when crossing the path plaintiff travelled. Given that the post was nearly two-feet tall, painted orange, and was not otherwise obscured, it follows than an ordinarily prudent person would have discovered it upon casual inspection.

While it is obvious that some sort of luminescent marker would have made the post more discoverable, "the analysis whether a danger is open and obvious does not revolve around whether steps could have been taken to make the danger more open or more obvious." *Novotney v Burger King Corp*, 198 Mich App 470, 474; 499 NW2d 379 (1993). Rather, the question is whether the danger, as presented, would have been discovered by an ordinary person upon casual inspection. *Id*. at 474-475. "Perfection is neither practicable nor required by the law, and under ordinary circumstances, the overriding public policy of encouraging people to take reasonable care for their own safety precludes imposing a duty on the possessor of land to make ordinary conditions foolproof." *Hoffner*, 492 Mich at 460. Because an ordinary person encountering a natural area with known tripping hazards in "pitch-black" darkness can reasonably be expected to care for their safety by using a flashlight, it follows that defendants did not have a duty to apprise plaintiff of the risk posed by the post. Had plaintiff exercised ordinary care, she would have discovered the post upon casual inspection and avoided injury. Contrary to plaintiff's argument on appeal, this conclusion is not reserved for the apportionment of damages, but is

-5-

integral to the application of the open-and-obvious doctrine. Where an ordinary person would have readily discovered the danger, the open-and-obvious doctrine precludes liability regardless of plaintiff's actions to the contrary.

Generally, the conclusion that a hazard was open and obvious does not end this Court's inquiry into whether summary disposition was appropriate. Rather, summary disposition is appropriate when an open-and-obvious danger does not involve any "special aspects" that create an "unreasonable risk of harm." *Lymon*, 314 Mich App at 758 (internal citations and quotation marks omitted). "Two instances that can constitute special aspects include when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable* because these conditions give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided." *Id*. at 758-759 (internal citation and quotation marks omitted). Nonetheless, it is the plaintiff's burden to demonstrate that a genuine issue of material fact exists as to whether any special aspects were present. *Id*. at 759. Here, plaintiff has not alleged, or argued before the trial court or this Court, that any special aspects made the post unreasonably dangerous or effectively unavoidable and, even had plaintiff so argued, the record shows that plaintiff could have easily avoided her injury by using a flashlight to discover the post and walk around it. The danger posed by the post was not unreasonably dangerous or effectively unavoidable and summary disposition in defendant's favor was therefore appropriate regardless of whether plaintiff was a trespasser or licensee at the time of her fall.

Affirmed.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Brock A. Swartzle